DENNIS RYAN

*v.*

GEORGE W. NEWCOMB *et al.*

*Filed at Ottawa May 9, 1888.*

1. USURY—*effect of a subsequent settlement.* Where the former owner of land, after its sale under a deed of trust, has a settlement with the purchaser, the creditor, under which a part of the land is reconveyed to him, taking his note for a certain sum, secured by deed of trust, this will be such a settlement of the old indebtedness as to preclude him from afterward maintaining a bill to show usury in the original loans. The note last given in such case can not be affected by any usury in the original transaction.

2. SALE UNDER TRUST DEED—*pending suit for an accounting and for redemption.* During the pendency of a bill by the maker of a trust deed, against the creditor thereby secured, charging usury and payment, and asking for an accounting, and for redemption on payment of the sum found due, a sale was made, under the trust deed, to a third person: *Held,* that the power of sale was improperly exercised pending the suit, and that the sale should for that reason be set aside, and a redemption allowed on payment of the principal and interest.

WRIT OF ERROR to the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Kankakee county; the Hon. ALFRED SAMPLE, Judge, presiding.

Mr. J. B. RICE, for the plaintiff in error.

Messrs. C. H. & C. B. WOOD, for the defendants in error.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was a bill in equity, brought by Dennis Ryan, against George W. Newcomb, and others, for an accounting, and for leave to redeem certain lands from a sale under a trust deed, and for general relief.

It appears from the evidence, that in April, 1871, the complainant, Ryan, borrowed of George W. Newcomb $1600, and to secure the payment of the money gave a note, and trust

deed on the south-east quarter of section 4, township 32 north, range 13, east of the third principal meridian. In September of the same year, complainant borrowed of Newcomb $1182, and secured the payment by deed of trust on the south-east quarter of section 4, and on the east half of the south-west quarter of section 4, in the same township. On the 20th of January, 1875, another loan was made, and a trust deed securing $600 was executed on the two hundred and forty acres of land last described. On the 18th day of May, 1878, in default of payment, the lands (two hundred and forty acres,) were sold on the trust deed given to secure $600, and bid off by Newcomb, to whom the trustee executed a deed. It also appears that Ryan had some negotiations with John Kinsella for money, and, pending the negotiations, on January 28, 1879, he conveyed the two hundred and forty acres of land to him, and placed the deed on record. Shortly after the conveyance to Kinsella, the complainant commenced negotiations with Newcomb to procure all or a portion of the lands back. This resulted in an arrangement between the parties, under which Ryan procured a deed from Kinsella and wife, to Newcomb, of date January 28, 1879, purporting to convey the entire two hundred and forty acres, and Newcomb conveyed to Ryan the east half of the south-west quarter of said section 4, and at the same time Ryan gave Newcomb his promissory note for $1400, secured by a deed of trust on the land. On March 8, 1884, on default of payment, the eighty-acre tract was sold on the deed of trust, and purchased by Collins H. Jordan, to whom the trustee executed a deed. The original bill was filed with a view to redeem from the sale under the deed of trust for $600, which was made on the 18th day of May, 1878. In the amended bill, complainant seeks to redeem from the sale of date March 8, 1884, wherein the eighty-acre tract was sold on the deed of trust given to secure $1400.

In each of the three loans of money which the complainant obtained of Newcomb, a greater rate of interest than allowed

by law was charged and paid. The three transactions were all usurious, but we do not think the complainant is in a position to claim any benefit or advantage on account of the usury he has paid or agreed to pay. So far as the three usurious transactions are concerned, they have all been settled and adjusted by the parties. After Newcomb had purchased the lands on a sale under the deed of trust given to secure $600, and held the legal title, the complainant and Newcomb came to a final settlement of all their transactions. Under this settlement, complainant caused Kinsella, to whom he had conveyed the two hundred and forty acres of land, to convey the lands to Newcomb. In consideration of the conveyance, Newcomb sold complainant the east half of the south-west quarter of section 4, for $1400. Under the contract, a deed was made, and a note and deed of trust taken to secure the purchase money for the land. This was a final adjustment of all matters existing between the parties, and the note for $1400 can not be regarded as representing any portion of the money originally loaned. The note was executed, not for money loaned, or as a balance due for money previously loaned, but its consideration was a sale of the eighty acres of land. In *Puterbaugh* v. *Farrell*, 73 Ill. 213, we held, where an old transaction is settled and closed, and a new loan made, the borrower will not be allowed to set up usury in the former transaction, as against the new loan. The principle announced in the case cited will apply here. The old transaction was settled and closed, and the conveyance of the eighty acres, and the taking of a note and deed of trust to secure the amount due for the land, was the beginning of a new deal between the parties, disconnected with the former loans or former transactions.

While the original bill was pending, the eighty acres of land which, on settlement, had been conveyed by Newcomb to complainant, was advertised and sold under the trust deed given to secure the $1400 note. This sale occurred March 8, 1884, and the land was purchased by C. H. Jordan. After the sale

Jordan commenced proceedings to recover possession of the land, and the complainant filed an amended bill to enjoin Jordan from recovering possession, and also asking to redeem from this sale. At the time the sale occurred, complainant's bill was pending in the circuit court of the county where the land was situated. In this bill he claimed that he was not indebted to Newcomb in any amount, and asked for an account; that he owned the eighty acres of land; that nothing was due on the $1400 note. The title to the eighty acres of land, the $1400 note, and the trust deed given to secure it, were all involved. The bill pending was notice to Jordan, and all others, of complainant's rights and claims in the premises, and Jordan can occupy no better position than Newcomb would have occupied had he purchased at the sale. While the bill was pending, and it was undetermined what amount complainant owed on the deed of trust, no sale ought to have been made, and the power of sale having been improperly exercised, we are of opinion complainant should, in equity, be allowed to redeem from the sale of March 8, 1884, upon the payment of the $1400, and such interest as is due thereon.

The decree of the circuit court and the judgment of the Appellate Court will be reversed, and the cause remanded to the circuit court, with directions to enter a decree allowing complainant to redeem from the sale under the $1400 deed of trust, upon the payment of the amount heretofore stated, within such reasonable time as the court shall determine.

*Judgment reversed.*