FRANK K. CLARK *vs.* JOHN GRIFFIN.

Middlesex. January 15, 1889. — February 28, 1889.

Present: MORTON, C. J., FIELD, C. ALLEN, HOLMES, & KNOWLTON,

*Power of Sale Mortgage — Redemption — Suspension of Right
to Foreclose.*

If, after breach of the condition of a mortgage of land containing a power of sale, but before a sale of the premises, though after advertisement thereof, the mortgagor brings a bill to redeem, offering to pay what is due, and files in the proper registry of deeds a notice of the pendency thereof, the mortgagee's right of foreclosure by sale is thereby suspended; and a subsequent purchaser from the mortgagee pending the bill cannot maintain an action on the Pub. Sts. c. 175, § 1, to recover the land.

ACTION on the Pub. Sts. c. 175, to recover possession of certain premises in Weston. Writ dated September 24, 1887. The case was submitted to the Superior Court, and, after judgment for the defendant, to this court, on appeal, on an agreed statement of facts, which so far as material was as follows.

On May 18, 1876, Sophia A. Clark conveyed the premises in question to the defendant by a warranty deed in the usual form, and the defendant gave her back a mortgage containing a power of sale to secure his note for a portion of the purchase money; and on May 26, 1887, she duly advertised the premises for sale on June 18, 1887, for breach of the condition of such mortgage. On June 16, 1887, the defendant filed a bill in equity against Sophia A., alleging, among other things not material, that the defendant had "offered to pay her the amount due, if anything, upon the said note and mortgage, after deducting" certain costs and expenses claimed to have been incurred by him in defending his title to the premises; and that the defendant had "repeatedly offered and now offers to pay" Sophia A. "what shall be found due, if anything, upon said mortgage"; and praying that an account might be taken of what might be due to her on the mortgage, deducting therefrom what should appear to be due the defendant for such costs and expenses, and that it might be decreed that, upon the

defendant's paying to her " the sum (if any) which shall be so found due upon the mortgage," the defendant should " have possession of the premises comprised in said mortgage, to hold the same discharged of said mortgage." On the same day the defendant filed in the proper registry of deeds a notice of the pendency of the bill, and a copy of the subpœna duly issued to Sophia A. to appear and answer to such bill so served upon her. Subsequently Sophia A., while the bill was still pending, sold the premises for the purpose of foreclosing the mortgage. It was admitted that she complied with all the requirements for a proper exercise of the power of sale, and that, in pursuance of such sale, she duly executed and delivered to the plaintiff a deed of the premises, and received payment from him of the purchase money.

*H. N. Allin & G. L. Mayberry*, for the plaintiff.

*R. Lund & C. H. Welch*, for the defendant.

MORTON, C. J. The right of the plaintiff to maintain this action depends upon the question whether the mortgage given by the defendant to Sophia A. Clark was foreclosed by the sale to the plaintiff under the power of sale contained therein. Pub. Sts. c. 175, § 1. *Lowe* v. *Moore*, 134 Mass. 259. It is admitted that the mortgagee complied with all the requirements of the mortgage in making the sale, and gave a deed in due form to the plaintiff; but before the sale took place, though after the advertisement, the defendant brought a bill to redeem, in which he in substance offered to pay such sum as should be found due from him, and filed in the proper registry of deeds a notice of the pendency of such bill under the Pub. Sts. c. 126, § 13.

It was held in *Way* v. *Mullett*, 143 Mass. 49, that in effect such a bill, in the case of a power of sale mortgage, was equivalent to a tender before sale, in so far that it prevented a foreclosure. This is decisive of the case at bar. By bringing his bill to redeem, the defendant suspended the mortgagee's right of foreclosure by sale, and therefore the sale to the plaintiff did not give him the right to recover possession of the mortgaged premises under the Pub. Sts. c. 175. The St. of 1888, c. 433, has no application, because it was passed after this suit was commenced. It however has some significance as

indicating the understanding of the Legislature that, except for that statute, a mortgagee could not proceed with a sale in any event after the bringing of such bill to redeem by the mortgagor.                          *Judgment for the defendant.*