DENNIS RYAN

*v.*

GEORGE W. NEWCOMB *et al.*

*Filed at Ottawa January 22, 1891.*

PRACTICE—*after reversal and remandment—proceedings in the trial court.* Where a decree is reversed and the cause remanded by this court to the circuit court, with directions to allow a redemption from a sale under a deed of trust upon payment of the principal debt with the interest due thereon, it will be error to require payment also of moneys paid for taxes upon the premises, even though the trust deed made all taxes paid a part of the debt secured. The finding of the right to redeem without requiring the payment of taxes is conclusive between the parties when the cause is remanded.

APPEAL from the Appellate Court for the Second District;— heard in that court on appeal from the Circuit Court of Kankakee county; the Hon. N. J. PILLSBURY, Judge, presiding.

Mr. DENNIS RYAN, *pro se.*

Mr. C. H. & C. B. WOOD, for the appellees.

Per CURIAM: This cause was before this court at a former term, and on the 9th day of May, 1888, a judgment was entered reversing the decree of the circuit court and judgment of the Appellate Court, and the cause was remanded to the circuit court with directions to enter a decree allowing appellant to redeem from the sale of March 8, 1884, upon the payment of a certain $1400 deed of trust and the interest thereon. *(Ryan* v. *Newcomb,* 125 Ill. 91.) Upon filing the remanding order in the circuit court the cause was placed on the docket, and, as appears by the decree, the court found that there was due on the deed of trust executed on the 29th day of January, 1879, upon which the sale was made, for principal and interest on the said mortgage indebtedness, together with taxes on the mortgaged premises, the sum of $2750, and entered a decree permitting the complainant to redeem upon paying that amount. To reverse this decree the complainant, Ryan, has again appealed.

In the opinion when the cause was here before, it is said: "While the bill was pending, and it was undetermined what amount complainant owed on the deed of trust, no sale ought to have been made, and the power of sale having been improperly exercised, we are of opinion complainant should, in equity, be allowed to redeem from the sale of March 8, 1884, upon the payment of $1400 and such interest as is due thereon. The decree of the circuit court and the judgment of the Appellate Court will be reversed, and the cause remanded to the circuit court, with directions to enter a decree allowing complainant to redeem from the sale under the $1400 deed of trust, upon the payment of the amount heretofore stated." It would seem to be plain, from the language used, that it had been determined that complainant should redeem from the sale upon the payment of the $1400 deed of trust, upon which

the land had been sold, and the interest which had accrued thereon, and all the court was required to do when the cause was remanded, was to ascertain the amount of principal and interest due on the deed of trust, and enter a decree permitting a redemption upon the payment of that amount. But the circuit court did not follow the directions given, but in addition to the debt and interest due on the deed of trust, proceeded to ascertain what amount of taxes had been paid, under the deed of trust, on the land, and that amount was added to the principal and interest due on the deed of trust, and incorporated into the decree. The addition of the taxes which had been paid, to the mortgage indebtedness, was an error. It is true that the mortgage contains a provision, in case the mortgagor fails to pay taxes, that the mortgagee may pay the same, and all moneys thus paid shall become so much original indebtedness secured by the mortgage, and be paid out of a sale of the mortgaged premises. If this was an original application, by bill, to foreclose the mortgage or deed of trust, under the clause referred to all taxes paid by the mortgagee might be added to the debt, and form a part of a decree of foreclosure. But this was not a case of that character. It was claimed, on the one hand, that the land had been sold under a power contained in the deed of trust, and the title had passed on such sale, while, on the other hand, the mortgagor claimed that the sale was invalid, and he had the right to redeem. Upon the issue involved between the parties, it was determined when the case was here before, that complainant was entitled to redeem upon the payment of a specified sum, which sum did not include taxes. That decision is conclusive between the parties.

The judgment of the Appellate Court and the decree of the circuit court will be reversed, and the cause remanded to the circuit court, with directions to enter a decree in conformity to this opinion.

*Judgment reversed.*