DENNIS RYAN

*v.*

GEORGE W. NEWCOMB.

*Filed at Ottawa May 12, 1892.*

REDEMPTION—*from sale under trust deed—computation of amount of redemption money.* On bill to redeem from a sale under a trust deed, this court, on appeal, reversed the decree below, and directed the circuit court to enter a decree allowing the complainant to redeem on payment of the note secured by the trust deed, and the interest due thereon. Thereupon the circuit court added to the amount due on the note the taxes paid by the holder under the trust deed, and required payment of both sums as a condition to redeem. On a second appeal this court reversed the decree of the circuit court, holding that the appellant was entitled to redeem, according to the terms of its judgment, without the payment of the taxes, and remanded the cause. On the return of the case the circuit court found the sum due under the mortgage, and entered a decree of redemption on its payment: *Held,* that this last decree was in strict accordance with the judgment of this court.

WRIT OF ERROR to the Circuit Court of Kankakee county; the Hon. N. J. PILLSBURY, Judge, presiding.

Mr. DENNIS RYAN, *pro se.*

Mr. GEORGE EDDY NEWCOMB, for the defendant in error.

Mr. CHIEF JUSTICE MAGRUDER delivered the opinion of the Court:

On April 15, 1891, the Circuit Court of Kankakee County rendered a decree in the above cause, finding that the sum of $2855.16 was due for principal and interest upon the note for $1400.00 secured by the trust deed executed by appellant on January 29, 1879, and allowing appellant to redeem the premises named in said trust deed upon the payment of said sum within six months from the date of the decree. The decree thus rendered has been affirmed by the Appellate Court, whose

opinion giving the reasons for their judgment of affirmance is as follows:

"Dennis Ryan filed a bill in equity against George W. Newcomb and others, for leave to redeem certain lands from a sale under a trust deed, and the cause has twice been before the Supreme Court. On the first hearing in the Supreme Court a judgment was entered directing the Circuit Court to enter a decree allowing Ryan to redeem from such sale under the trust deed upon the payment of the $1400 note which the trust deed was given to secure, and such interest as might be due thereon. *Ryan* v. *Newcomb et al.* 125 Ill. 91.

"Upon the remanding order being filed in the Circuit Court, that court found the amount due for principal and interest on the note and trust deed, and added to the sum so found the taxes paid upon the mortgaged premises, and entered a decree permitting a redemption upon payment of the aggregate of such amounts. Upon appeal by Ryan, the Supreme Court held that the former decision was conclusive between the parties, and that, inasmuch as such former decision did not include taxes, he was entitled to redeem, according to the terms of such decision, without the payment of taxes. *Ryan* v. *Newcomb et al.* 136 Ill. 57.

"The cause coming on again in the Circuit Court, the amount due for principal and interest on said mortgage indebtedness was found to be $2855.16, and a decree was entered allowing a redemption upon payment of the same. This action of the court was in strict accordance with the judgment of the Supreme Court."

We concur in the views thus expressed by the Appellate Court, and the judgment of that Court is accordingly affirmed.

*Judgment affirmed.*