BREWER *v.* LANDIS.

1. MORTGAGES—FORECLOSURE—IRREGULARITIES—REMEDY.

 The defendant in a foreclosure suit may proceed by petition to have the sale set aside for alleged irregularities in the proceedings, although the rights of third persons have intervened.

2. SAME—SETTING ASIDE SALE—DISCRETION OF COURT.

 The action of the circuit court in setting aside a foreclosure sale for want of notice to the mortgagor, the notice of sale having been published in a paper which had no circulation in his neighborhood, and for inadequacy of the price realized, is within its discretionary powers, and will not be interfered with unless the discretion is abused.

Appeal from Kent; Grove, J. Submitted November 10, 1896. Decided December 18, 1896.

Bill by Aaron Brewer against Maggie Landis and others to foreclose a mortgage. A decree for the sale of the premises was assigned by complainant to Eli Landis, and the latter bid them in at commissioner's sale, and subsequently transferred them to John R. Watts. Maggie Landis filed a petition to set aside the sale. From a decree for petitioner, Eli Landis and John R. Watts appeal. Affirmed.

*Wylie & Clapperton,* for petitioner.

*Dwight Goss,* for Eli Landis.

*John S. McDonald,* for John R. Watts.

LONG, C. J. In November, 1889, Maggie Landis, together with her husband, made a mortgage upon 40 acres of land to Aaron Brewer. This mortgage was foreclosed, and decree entered in favor of complainant for $890.12. In the proceedings to foreclose, the subpœna

was duly personally served upon each defendant. No appearance was entered by either defendant, and the decree was taken upon default. No question is raised as to the regularity of the proceeding. The decree provided that sale could be made at any time after November 11, 1895. September 18, 1895, Brewer sold and assigned this decree to Eli Landis, who made a petition to the court to be substituted in place of Brewer, under Chancery Rule No. 125. This order was made, and Landis at once commenced proceedings to sell under the decree. The premises were sold by a commissioner, and bid in by Landis for $1,022.09, being the amount of the decree and costs. An order confirming the sale was entered, and within a few days thereafter Landis mortgaged the land to Ida E. Cartwright for $700. This mortgage was recorded January 30, 1896. On February 3, 1896, Landis sold the land on contract to John R. Watts for $1,200, Landis reserving all the timber. Watts paid nothing down, but went into immediate possession of the land. On the same day that Landis sold the land to Watts, Maggie Landis filed her petition in the cause to set aside the order substituting Landis in place of Brewer, and also to set the sale aside. The grounds upon which she asks to have the proceedings set aside are:

1. That she had no notice of the assignment of the decree from Aaron Brewer to Eli Landis, or of the petition for substitution.

2. That no such notice was served on the solicitors of the original complainant, Aaron Brewer.

3. That the notice of sale was published by the commissioner in the Lowell Journal, which had no circulation in her neighborhood; and that she had no actual notice of the sale, or its confirmation; and that the land was sold at a sacrifice.

Upon the petition being filed, an order was served on Eli Landis, John R. Watts, and Ida E. Cartwright to show cause why the prayer of the petition should not be granted. Landis and Watts answered. Ida E. Cartwright filed no answer, the good faith of her

mortgage not being questioned. Upon the hearing, the court made an order setting aside the order made on November 26, 1895, substituting Landis for Brewer in the cause, and also all the subsequent proceedings, and gave costs against Eli Landis. Landis and Watts appeal. It is contended by their counsel that the court was in error in bringing the parties before the court on motion; that the remedy of the petitioner was by bill to redeem.

The practice pursued in the present case was the same as in *Nugent* v. *Nugent*, 54 Mich. 557, where the order made was affirmed. In that case the sale was set aside upon some of the grounds that appear in the present case, and it was held that the questions presented were largely within the discretion of the court below, which would not be interfered with unless it had been misused. We have examined the record with some care, and find that there was evidence presented to the court below upon which he might very properly reach the conclusion that the order of sale and order of substitution of parties should be set aside; and we cannot say that the discretion vested in the court in such proceeding was misued.

The order of the court below must be affirmed, with costs in favor of petitioner, Maggie Landis.

The other Justices concurred.