# Carroll *v.* Henderson.

*Bill to Cancel Mortgages, and for an Accounting.*

(Decided February 11, 1915.   68 South. 1.)

1. *Mortgages; Redemption; Sale Pending Bill; Validity.*—While a bill is pending for redemption, the mortgagee cannot impair the right of redemption by foreclosure under power contained in the mortgage; but a sale pending a bill to redeem is valid for every purpose not inconsistent with the relief afterwards granted to the redemptioner under the prayer of his bill, and an intervening foreclosure sale is valid, where such bill is dismissed.

2. *Same.*—Where a bill was filed to cancel mortgages because paid and because tainted with usury, or, in the alternative, for redemption by payment of any balance due, and alleged payment of the principal debt, and averred that, including usurious interest, the mortgagor was not indebted to the mortgagee, and the mortgagee denied full or partial payment of the debt and denied usury, and claimed the balance and a foreclosure after the filing of the bill, the court should ascertain the balance due on the mortgage, if any, and grant a decree for redemption on the payment of the balance, or a decree of cancellation on finding that no balance remained due.

3. *Injunction; Bill for Redemption; Sale Pending Bill; Enjoining Action at Law.*—Where a bill was filed for redemption from mortgage upon payment of the amount found due, or cancellation of the mortgage because paid and tainted with usury, the chancellor should, pending the bill, restrain the mortgagee from prosecuting actions at law, and retain jurisdiction of the whole matter until disposed of by final decree.

(McClellan, J., dissents.)

APPEAL from Coffee Chancery Court.

Heard before Hon. W. R. CHAPMAN.

Bill by J. W. Carroll against J. E. Henderson, to cancel mortgages because of payment of the debt and because the debt was infected with usury, and for an accounting, and in the alternative for redemption by payment of any balance due. From a judgment for defendant, complainant appeals. Reversed and rendered.

One allegation of the bill is that complainant has paid the principal of his debt to J. E. Henderson, and that, excluding usurious interest, he is not now indebted to said J. E. Henderson in any amount whatever. The bill was filed November 1, 1913, and on January 3, 1914, respondent filed an answer denying the allegation of full or partial payment of the debt and usury therein, and claiming a balance due of $2,108. The answer also alleges that the respondent mortgagee foreclosed both of the mortgages in question by sale under the powers therein contained on November 11, 1913, and became the purchaser and owner of the mortgaged property at said sale. These foreclosure sales under power and respondent's purchases thereat are also set up as a defense to the bill by a special plea as a bar to the further assertion of the mortgagee's equity of redemption. The respondent having on November 11, 1913, instituted suits in ejectment and in detinue, respectively, for the real and personal property thus purchased by him on the same day, complainant by supplemental bill filed February 14, 1914, informed the chancery court of the respondent's foreclosure sale after the original bill was filed, and of his suits at law for the possession of the mortgaged property, praying for a temporary injunction against respondent's possessory action, to be made permanent upon the granting of the relief originally sought, and containing prayer for general relief. The temporary injunction was granted and issued. The chancellor rendered a de-

cree holding that the special plea exhibited a good defense in bar of the relief sought, and also sustained a demurrer to the supplemental bill, and granted a motion to dissolve the temporary injunction for want of equity in the supplemental bill. The grounds of demurrer interposed to the supplemental bill were want of equity, the circuit court had jurisdiction of the possessory action, no facts showing irreparable injury, no facts are shown in denial of the validity of the foreclosure sale, and no reason for setting them aside.

J. A. CARNLEY, for appellant.

W. W. SANDERS, for appellee.

SOMERVILLE, J.—(1) When complainant filed his original bill of complaint, the chancery court acquired full jurisdiction of the cause for the purposes set forth. "It is of no consequence that a foreclosure under the power contained in the mortgage has been had since the filing of the bill. The equity of redemption and the right of its enforcement by bill in chancery, under the facts alleged, existed at the date of the filing of the bill; and, this being true, it is not within the power of the mortgagee to impair such right by any subsequent act of foreclosure under the power contained in the mortgage. The court, having acquired jurisdiction for the purpose of an accounting and redemption, will set aside any subsequent sale made under the power, by the mortgagee, when necessary to accomplish that for which jurisdiction has been assumed."—*Nat. B. & L. Ass'n v. Cheatham*, 137 Ala. 395, 401, 34 South. 383, 384.

This principle is so elementary that it has seldom been challenged, and it is stated as of course by the

text-writers.—2 Jones on Mortg. (9th Ed.), § 1797; 27 Cyc. 1453. It has been several times affirmed by the courts of other states.—*Ryan v. Newcomb,* 125 Ill. 91, 16 N. E. 878; *Clark v. Griffin,* 148 Mass. 540, 20 N. E. 169.

It is to be observed, of course, that the execution of a power of sale pending a bill for redemption is not *a nullity,* and, indeed, is valid for every purpose not inconsistent with the relief afterwards granted to the redemptioner under the prayers of his bill, assuming that any part of the mortgage debt remained due and unpaid. The decree for redemption usually fixes a future day on which the mortgage debt must be paid, and, in default of payment, declares the bill must stand dismissed at the cost of complainant.—*McGuire v. Van Pelt,* 55 Ala. 344, 351. It is obvious that, when a bill for redemption is thus dismissed, an intervening foreclosure would stand as though the bill had never been filed.

Hence, while a power of sale is not *absolutely* suspended by the mere pendency of a bill to redeem, its exercise is subject to the equity of the bill, as decreed by the court, and as availed of by the complainant. The statement in the recent case of *Presnall v. Burgess,* 181 Ala. 263, 61 South. 804, that "the pendency of the cause to redeem will not suspend the right to exercise the power of sale, * * * notwithstanding the bill offers to do equity by satisfying the ascertained sum secured by the mortgage," must be taken with the qualifications above stated, and, as there applied, it is not in conflict with the principles now affirmed. In that case it appeared that the amount of the mortgage debt had been previously fixed by a mutual accounting and adjustment between the parties. The bill not impeaching this account stated, and not offering to pay the sum

thereby fixed, was without equity, and was properly dismissed. This left the foreclosure sale, though made pending the suit, in full force and effect.

(2) It results that on the allegations of the original bill, as amended, in connection with the admission of the answer, the complainant was entitled to an accounting to ascertain the balance due on the mortgages, if any, and finally to a decree for redemption upon its payment as directed, or if, as alleged, no balance remained due, then to a decree of cancellation. The chancellor erred, therefore, in holding that the special plea was sufficient as a bar to the relief sought.

(3) It may be conceded that the complainant, in a bill for the redemption of mortgaged property, is not in every case entitled, as of course, to the issuance of a temporary injunction to prevent a foreclosure under the power of sale, or to prevent a recovery of possession of the property by the mortgagee in an action at law. The law in that regard has been frequently discussed and stated.—*S. L. Ass'n v. Lake,* 69 Ala. 465; *Whitley v. Dunham Lumber Co.,* 89 Ala. 493, 7 South. 810; *Wittmeier v. Tidwell,* 147 Ala. 354, 40 South. 963; Id., 150 Ala. 253, 43 South. 782.

In the instant case, however, the bill charges usury in the mortgage indebtedness, and alleges that, interest excluded, the principal has been satisfied, and that the complainant is not indebted to the mortgagee respondent in any sum whatever. If these allegations are true, the supplemental bill for a temporary injunction contained equity, and the writ was properly issued, and should have been retained until the cause was disposed of by final decree.

It results that there was error in the decree sustaining the motion to dissolve the injunction for want of equity in the supplemental bill, and also in sustaining

[Carroll v. Henderson.]

the demurrer to the supplemental bill. The decree of the chancery court will be reversed, and a decree will be here rendered overruling the respondent's special plea, as being insufficient, overruling the demurrer to the supplemental bill, and reinstating the temporary writ of injunction as originally issued.

Reversed and rendered. All the Justices concur, except McCLELLAN, J., who dissents.

McCLELLAN, J.—The prevailing opinion qualifies the following expressions of doctrine set forth in *Presnall v. Burgess,* 181 Ala. 263, 270, 61 South. 804, 807: "Where the bill does not show that the entire amount for which the mortgage affords security has been paid or tendered, the pendency of the cause to redeem will not suspend the right to exercise the power of sale vested by the mortgage in the mortgagee, \* \* \* notwithstanding the bill offers to do equity by satisfying the ascertained sum secured by the mortgage."

Reduced to final analysis, the qualification made of the stated doctrine is that the unenjoined exercise of the power of sale, according to the terms of a mortgage given to completely secure a named or legally ascertainable money obligation or obligations, pending a bill for an accounting and redemption, in which offer is made to pay the ascertained sum secured by the mortgage, is subordinate to the thus initiated effort to redeem; and, being so, such an exercise of the power, though unrestrained by injunctive process, is subject to be set aside, notwithstanding *all* of the obligation secured by the mortgage has not been in fact tendered or paid.

In section 1906, pp. 863, 834, of Jones on Mortgages (6th Ed.), it is said: "Where a power in a mortgage is to continue as long as any part of the mortgage debt

remains unpaid, it can be exercised in spite of the pendency of a bill to redeem, as long as the sum due on the mortgage debt had not been paid or actually tendered. *A sale made under such conditions cannot be set aside."* (Italics supplied.)

The doctrine of the quoted text is pointedly supported by the opinion in *Stevens v. Shannahan,* 160 Ill. 330, 43 N. E. 350. Justice Craig wrote the opinions in *Ryan v. Newcomb,* cited in the opinion prevailing here, and in the just cited case of *Stevens v. Shannahan.* The court there said of its previous deliverance in *Ryan v. Newcomb*: "It is claimed that, since the original bill of Bridget Shannahan for an accounting and for redemption was pending and undetermined at the time of the sale under the power, such sale was improper and void, and the case of *Ryan v. Newcomb,* 125 Ill. 91, 16 N. E. 878, is cited as sustaining such claim. The doctrine of the case so relied on, even if it should be adhered to, is not to be extended beyond what was there decided. There is a very marked difference between that case and this. There it was claimed in the bill that was pending at the time of the sale that Ryan, the complainant, was not indebted to Newcomb in any amount whatever, and that nothing was due on the note for $1,400 that the trust deed was given to secure. Assuming the averments of the bill to be true, Ryan was not in default, and the mortgage indebtedness had entirely ceased to exist, and the power of sale had become inoperative and void."

It is plain that *Ryan v. Newcomb* cannot be advisedly taken as authority for the announcement made in the prevailing opinion on this appeal.

Precedent for the qualification of the stated doctrine of Presnall and Burgess is said to exist in section 1797 of Jones on Mortgages (6th Ed.), 27 Cyc.

p. 1453, and *Clark v. Griffin,* 148 Mass. 540, 20 N. E. 169.

Reference to the citation from Jones on Mortgages and from Cyc. will disclose that both are based on *Clark v. Griffin,* 148 Mass. 540, 20 N. E. 169. The decision in the case of *Clarke v. Griffin, supra,* was expressly put upon the other earlier case of *Way v. Mullett,* 143 Mass. 49, 8 N. E. 881, and the ruling in the *Way Case was expressly rested upon the statutes of that state;* the court saying at page 54, of 143 Mass., at page 884 of 8 N. E.: "The majority of the court are of opinion that the plaintiff has brought himself within the terms of the statute, and that he is entitled to redeem the estate upon paying what is due the defendant."

Reference to the statutes cited and construed in these *Massachusetts cases* discloses that *redemption* and notice of lis pendens, and, in consequence, the respective rights of mortgagors and mortgagees in that connection, were governed, in these cases were in fact controlled, by the statutory system therein considered and applied. So, there being no such statutory system in this state, these cases cannot be taken as supporting the ruling made here; and, in necessary consequence, the text in section 1797 of Jones' work should be accorded an interpretation consistent with its foundation, and not as immediately contradictory of the same writer's text in section 1906, pp. 853-4. My judgment is that the language employed in section 1797 of Jones' work shows that the author was stating a statutory rule.

The only semblance of authority for the ruling now made that has been discovered is our decision in *Nat. B. & L. Ass'n v. Cheatham,* 137 Ala. 395, 401, 34 South. 383. Its whole statement of reason and conclusion, per-

tinent to the question now under consideration, is quoted in the foregoing opinion of the majority. There was pointed insistence and citation of authority in the brief for appellant (see 137 Ala. 339, 34 South. 383), urging the ineffectiveness of the mere filing of a bill for an accounting and redemption to qualify the unimpeached contractual right of the mortgagee to exercise the power of sale provided in the instrument. The point was important; and the authority, for instance, of *"Security-Loan Ass'n v. Lake,* 69 Ala. 456, 465," alone, should have at least suggested caution in respect of the declaration made, for, if the ruling of the *Cheatham Case* is sound, our courts have for generations been doing the entirely useless thing of considering the issuance and of issuing injunctions to restrain mortgagees or their assignees from exercising powers of sale provided in mortgages, never for a moment thinking, as the *Cheatham Case* holds, that a mortgagor, or another in his right, could, by simply filing a bill for an accounting and redemption and offering therein to pay what was finally ascertained to be due on the mortgage debt, qualify and subject the exercise of the power of sale to the final determination of the cause the complainant thus instituted, and have a sale, lawfully made under the power, ignored or set aside. The reasons given for the ruling made in the *Cheatham Case* are two, viz.: (a) That mortgagee cannot impair or defeat the right of redemption which the mortgagor initiates before sale under the power, by filing his bill to redeem; (b) that, the jurisdiction of the court having been invoked by such a bill, that jurisdiction will not be suffered to be impaired or defeated by a sale made under the power. The first (a) reason is opposed to and is refuted by the settled principle that a "power of sale in a mortgage is a power coupled with an interest—that can-

not be revoked or suspended at the will of the mort-
gagor without the consent of the party secured."—*Pres-
nall v. Burgess,* 181 Ala. 263, 271, 61 South. 804, 807;
Code, § 4896; *Bergen v. Bennett,* 1 Caines Cas. 1, 2 Am.
Dec. 281; Perry on Trusts, § 602h. To allow a mort-
gagor to suspend or qualify the exercise of the power
of sale provided in a mortgage by merely filing a bill
for an accounting and redemption is, manifestly, the
according to him a power to suspend or qualify the
contractual right he has vested, by the mortgage, in
the mortgagee, *without the mortgagee's consent.* It is
only the mortgagor's will that determines whether he
will file such a bill. Costs to accrue in the cause and
attorney's fees are all he has to hazard in the prem-
ises. These charges he may be willing to incur while
he delays the exercise of the power of sale under the
valid contract he made. The other reason (b) is refer-
able only to the familiar doctrine whereby *courts* are
wont to interpose to preserve their jurisdictions by
forbidding the change or destruction of the subject-mat-
ter thereof. The cases of *Coxe v. Huntsville Gas Co.,*
129 Ala. 496, 29 South. 867, *Parrish v. Reese,* 165 Ala
638, 51 South. 824, and *Mayor, etc., v. Allison, infra,*
68 South. 142, illustrate this doctrine. In the *Cheat-
ham Case,* no command or other preservative process
was issued by the *court* to forbid the sale under the
power contained in the mortgage. Hence the doctrine
was not serviceable in the solution of the question there
presented. Certainly the mere filing of a pleading is
not the equivalent of preventive process issued by a
*court.*

Now the only instance where the mere filing of a bill
will render the exercise of the power of sale subject,
subordinate, to the court's final decree in the cause, is
when the bill appropriately shows that the power of

sale has become extinct because the sum secured by the mortgage has been *fully paid*, or that there has been adequate tender made to the person entitled to the money secured by the mortgage.—2 Jones on Mort., § 1906, pp. 863, 834; *Stevens v. Shannahan, supra*. In all other cases the injunctive process of the court of equity must be invoked to restrain the exercise of the power; otherwise a sale made pending the cause cannot be set aside, for, if any part of the sum secured by the mortgage is unpaid or is untendered, it will support the exercise of the power of sale, and pass the title conveyed by the mortgage.

I would affirm the decree.