JOSEPH SKOLNICK *vs.* ISAAC H. GREENBURG & others.

Essex.    March 20, 1918. — May 25, 1918.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & CARROLL, JJ.

*Partnership.  Equity Jurisdiction,* For an accounting, To redeem from mortgage.
*Equity Pleading and Practice,* Bill.

A bill in equity, which alleges that the plaintiff and two of the defendants entered
into a partnership agreement to conduct theatrical entertainments and moving
picture exhibits in a building erected by them on certain land belonging to the
three, subject to certain mortgages, that such partnership business thereafter
was conducted and that the two defendants refused to render a proper account
of the moneys received by them in connection with the alleged partnership
business, and prays for a partnership accounting, although the allegations are
vague and general, will be upheld on demurrer as stating a ground for relief
against the two defendants.

Where the bill above described joined another defendant, who was alleged to hold
title to two undivided thirds of the real estate in trust for the two defendants
alleged to be partners, but there was no allegation that the real estate was any
part of the partnership assets legal or equitable, it was *held* that no case was set
out connecting the third defendant with the partnership and that as to the
third defendant the bill should be dismissed.

In the case above described a certain paragraph in the bill, to which the defend-
ants specially demurred on the ground of indefiniteness, was *held* to be bad be-
cause it did not intelligibly inform the defendants what charges they were to
answer.

The bill described above alleged that the real estate, in which the plaintiff had an
undivided third interest, was subject to four successive mortgages, that the
fourth mortgage was held by one of the defendant partners to whom the
three preceding mortgages had been assigned, and that this defendant had
taken possession of the real estate under these mortgages or one of them and
had received the rents and profits.  The bill contained an offer of the plaintiff
to pay what might be found to be due upon the mortgages and a prayer for an
order of redemption.  *Held,* that by the express terms of R. L. c. 187, § 22, the
plaintiff could begin a suit for redemption without a previous tender.

In the suit in equity above described one of the causes assigned for demurrer was
multifariousness.  The bill alleged that the fourth mortgage held by one of
the defendant partners was a partnership asset and that the other of the two
defendant partners was the mortgagee named in the third mortgage and as a
part of the consideration for that mortgage was to pay off the first and second
mortgages.  *Held,* that, in view of these allegations, the two subjects of the
partnership accounting and the redemption of the real estate from the mort-
gages seemed sufficiently connected with one another to allow their joinder in
one bill.

BILL IN EQUITY, filed in the Superior Court on September 6, 1917, containing the allegations which are described in the opinion, and praying that the defendant Greenburg be enjoined from assigning or foreclosing the mortgages held by him upon certain real estate on Western Avenue in Lynn in which the plaintiff claimed an undivided third interest subject to certain mortgages, that a receiver be appointed to collect the rents and profits of the mortgaged real estate and to conduct the business of theatrical entertainments and moving picture exhibits in a building on the real estate, that an account be taken of the principal and interest due on each of the mortgages to which the real estate was subject, that an account be taken of the rents and profits of the real estate and of the sums received by the defendants Greenburg and Standard, and that the plaintiff, on paying to the defendants such sums as they might be entitled to under their mortgages, should be given possession of the premises discharged from the mortgages, and for further relief.

The fifteenth paragraph of the bill, held by this court to be bad for indefiniteness, was as follows:

"15. The plaintiff avers that there is a mutual agreement by and between the plaintiff and the defendants Greenburg and Standard to the effect that, whatever title in said real estate either by way of mortgage or otherwise any of said partners has, shall be considered first as security for the sums that have been advanced by them respectively in the purchase of said real estate, or in carrying on said business, and for services performed in connection with said business, and secondly as belonging to said partners in the proportion of one third to the plaintiff and two thirds to the defendants Greenburg and Standard."

Each of the defendants demurred to the bill, alleging, first, want of equity, second, multifariousness and, third, demurring specially to the fifteenth paragraph of the bill as indefinite and inadequate.

The case was heard on the demurrers by *Wait,* J., who made an order sustaining the demurrers with leave to the plaintiff to amend his bill within ten days, and, the plaintiff having made no amendment of his bill within that time, by order of the judge a final decree was entered dismissing the bill. The plaintiff appealed.

*N. D. A. Clarke,* for the plaintiff.

*R. T. Parke,* (*I. H. Greenburg* with him,) for the defendants.

De Courcy, J.  The main purposes of the bill are to obtain a partnership accounting and the redemption of the plaintiff's real estate from certain mortgages.  The first ground stated in the demurrers is want of equity.  This must be overruled if the bill sets out facts calling for equitable relief.  *Conant* v. *Warren,* 6 Gray, 562.  *Bliss* v. *Parks,* 175 Mass. 539, 543.

1. As to the partnership: it is alleged that the plaintiff and the defendants Greenburg and Standard, on July 6, 1916, "entered into a copartnership agreement whereby they were to conduct theatrical entertainments and exhibit moving pictures in a building erected by them on said premises and were to lease portions of said building for their mutual benefit, and they have since that time been conducting said business as said partners."  It is further alleged that these two defendants have refused to render a proper account of the moneys received by them in connection with the alleged partnership business.  Although these allegations are vague and general, and may well call for specifications before an answer is filed, we cannot say that the bill fails to state any ground for a partnership dissolution and accounting as against the defendants Greenburg and Standard.  *Ferry* v. *Henry,* 4 Pick. 75.  *Field* v. *Craig,* 8 Allen, 357.  As against the defendant Rhoda Isenburg no case is set out which connects her with the partnership allegations.  It is stated that she holds her title to the real estate in trust for the other defendants; but the bill does not allege that the real estate is any part of the legal or equitable assets of the alleged copartnership.

2. The fifteenth paragraph is too general and indefinite, and is insufficient to intelligibly inform the defendants what charges they are to answer.  The special demurrer was rightly sustained, and the plaintiff failed to avail himself of the leave granted him to amend.

3. When this bill was filed (September 6, 1917) the title to the parcel of land in Lynn was as follows: The plaintiff owned an undivided one third interest, and Rhoda Isenburg two thirds, in the equity of redemption.  The first mortgage, for $4,000, dated March 31, 1916, and payable in six months, was almost a year overdue.  The second, for $1,500, dated April 15, 1916, and pay-

able in ninety days, was more than a year overdue. The third was for $23,000, also dated April 15, 1916, payable in six months, with interest at twelve per cent. This was almost eleven months overdue. The fourth was for $15,000, dated September 16, 1916, payable on demand, with interest at twelve per cent payable monthly. The defendant Greenburg was the mortgagee named in the last mortgage, and was assignee of the earlier ones. There is no allegation that the plaintiff has paid any money on account of these mortgages. It is stated, "the defendant Greenburg has taken possession under said mortgages or one of them . . . and has received the rents and profits of them;" but it does not appear when possession was taken, or whether a substantial amount of rent has been collected. However, as the plaintiff alleges that he offers to pay what shall be found due under said mortgages, he is permitted by the express terms of R. L. c. 187, § 22, to commence a suit for redemption without a previous tender. As the mortgagee had published notices of sale under the powers in the first and fourth mortgages before the commencement of the suit, and the amount due was not paid into court nor the sale enjoined, the statute authorized him to proceed with the sales. Sections 21 and 22 were drafted to conform to the decisions in *Way* v. *Mullett,* 143 Mass. 49, and *Clark* v. *Griffin,* 148 Mass. 540. See Commissioners Report on Pub. Sts. c. 187, note.

The demurrer of the defendant Rhoda Isenburg was sustained rightly. The demurrers of the other defendants presumably were sustained for multifariousness, as the plaintiff has joined in one suit an application to redeem mortgages held by the defendant Greenburg and a claim against Greenburg and Standard for a partnership accounting. But in view especially of the allegations of paragraph 14, in substance that said fourth mortgage is a partnership asset; and the allegations of paragraph 11, that the defendant Standard, the mortgagee named in the third mortgage, as part of the consideration was to pay off the first and second mortgages; the two subjects seem sufficiently connected with one another to allow their joinder in one bill. *Ginn* v. *Almy,* 212 Mass. 486, 493. *Lovejoy* v. *Bailey,* 214 Mass. 134, 151. *Digney* v. *Blanchard,* 226 Mass. 335. ·

It follows that the decree dismissing the bill as to Rhoda Isenburg must be affirmed, with costs. The decree dismissing the

bill as to the defendants Greenburg and Standard is to be reversed, and their demurrers overruled; except the special demurrer to paragraph fifteen, which is to be sustained.

*Decree accordingly.*