CHARLES G. CLAPP & another *vs.* GEORGE F. GARDNER.

Plymouth. November 18, 1920. — January 7, 1921.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & PIERCE, JJ.

*Mortgage,* Of real estate: foreclosure. *Equity Pleading and Practice,* Parties, Appeal.

In a suit in equity by the mortgagor and mortgagee named in a second mortgage of real estate, given to secure payment of a note of $200, against one to whom the mortgagee had assigned the mortgage and the mortgage note, having indorsed the note in blank, to have a sale of the property in foreclosure of the mortgage declared void because conducted in bad faith, it appeared that at the time of the assignment of the mortgage the mortgagee had told the defendant "that in case of any trouble with the mortgage he would take it off the defendant's hands;" that the defendant knew that the mortgagee would expect a notice of foreclosure proceedings and that he was willing and able to protect the defendant from loss; that the defendant intentionally failed to notify either plaintiff of the foreclosure proceedings and neither of them knew that such proceedings were pending; and that, in a conversation between the mortgagee and the defendant the day before the sale "about the defendant's mortgage transactions," the pendency of the foreclosure proceedings was not mentioned; that, while there was a literal compliance with the terms of the mortgage in the fore-

.closure proceedings, the defendant's attorney, acting for the defendant, bid in the property for $50 subject to a first mortgage of $1,000, and that the property was worth $2,000. A master found that the defendant did not use good faith in the conduct of the foreclosure proceedings and did not use due diligence to protect from loss either the mortgagor or the mortgagee as an indorser on the mortgage note. *Held,* that

(1) The master's finding of want of good faith was warranted;

(2) The mortgagee as indorser in blank upon the mortgage note had an interest that entitled him to maintain the suit;

(3) A final decree was warranted declaring the foreclosure sale void and ordering the defendant to assign the mortgage to the mortgagee upon being paid the amount of principal and interest due upon the note together with an amount equal to payments made by the defendant for taxes, repairs, insurance and interest on the first mortgage, less a sum which he had received as rent.

On an appeal from a final decree in a suit in equity, exceptions to a report of a master, which were overruled by an interlocutory decree from which no appeal was taken, are not before this court.

BILL IN EQUITY, filed in the Superior Court on December 19, 1918, and afterwards amended, seeking to have declared void a sale of premises of the plaintiff Murphy in foreclosure of a second mortgage thereon given by the plaintiff Murphy to the plaintiff Clapp and by him assigned, with an indorsement by the plaintiff Clapp of the mortgage note in blank, to the defendant.

The suit was referred to a master. He found, among other findings, that the property was subject to a first mortgage of $1,000, the mortgage alleged to have been improperly foreclosed by the defendant being a second mortgage of $200, and "that the property was worth at least $2,000 as a fair market value at the time of the foreclosure sale. At the time of the hearing in the Brockton Police Court on the suit against Clapp on the note [for an alleged deficiency after the foreclosure] there was some talk about settlement and a reconveyance. The lowest figure mentioned by defendant as required to obtain a reconveyance was $385; but I find that no actual offer to reconvey was made stating any definite figure. At the time of this conversation there was due on the note the $200 principal; about $25 for interest, of which $8.80 had been tendered to the defendant a few days after the sale; that the defendant had paid $30 in interest on the first mortgage, and $38.43 and interest thereon for taxes for 1917, and $5.50 for insurance. The charge of Mr. Anthony for the foreclosure was about $50. The defendant had been to Abington eight or nine times. The total of these items is not over $375; and the defendant had collected several

months' rent at $12 a month; so, if there had been an offer to reconvey at $385 the amount demanded was more than the amount due on the note together with the defendant's expenditures in the matter."

Other material findings of the master are described in the opinion. Exceptions of the defendant to the master's report were overruled in an interlocutory decree from which no appeal was taken. The suit was heard by *Bishop,* J., upon the pleadings and the master's report, and by his order a final decree was entered in the following form: "The above entitled cause came on to be heard on the plaintiff's motion that the master's report be confirmed and final decree entered thereon, and was argued by counsel, and thereupon, upon consideration thereof it is hereby ordered, adjudged and decreed that the defendant Gardner shall assign to the plaintiff Clapp the note and mortgage upon the plaintiff Clapp paying him the amount of principal and interest due on said note together with reimbursement to the defendant for his payment of taxes, repairs, insurance and interest on the first mortgage amounting to $288.93 less $72 collected by the defendant as rent; and upon the plaintiff Murphy executing and delivering to the plaintiff Clapp a new mortgage and note for the amount paid by him to the defendant, the plaintiff Clapp shall discharge the old mortgage and cancel the old note."

The defendant appealed.

*R. T. Anthony,* for the defendant.

*W. G. Rowe,* for the plaintiffs, submitted a brief.

CROSBY, J. This is a bill in equity brought to set aside the foreclosure of a mortgage given by Ellen J. Murphy to the plaintiff Clapp and by him assigned to the defendant, together with the note that the mortgage was given to secure. The note was for $200 and was indorsed in blank and delivered to the defendant. The real estate described in the mortgage was subject to a prior mortgage for $1,000. The mortgagor was admitted as a party plaintiff and the case was referred to a master. It is obvious that the judge of the Superior Court intended to confirm the master's report, and we have treated it as confirmed.

The master found that at the time of the assignment Clapp told the defendant "that in case of any trouble with the mortgage he would take it off the defendant's hands."

The master also found that no actual notice of the foreclosure proceedings was given to the mortgagor or to Clapp, and that no attempt was made to notify either of them; that on the day before the sale Clapp and the defendant had some talk "about the defendant's mortgage transactions," but that the foreclosure sale in question was not mentioned by the defendant; that the latter "knew of the intended sale and had no reason to think that Clapp did know of it;" that neither Clapp nor the mortgagor knew of the foreclosure proceedings until after the sale; that Clapp at all times stood ready to carry out the promise made to the defendant to take the note off his hands if he wished him to do so. An action on the note for an alleged deficiency following the foreclosure sale has been brought by the defendant against Clapp, and is now pending.

The master further found that, while there was a literal compliance with the terms of the mortgage in the foreclosure proceedings, the defendant's attorney, acting for the defendant, bid off the property for $50 and that there was no other bidder; that the defendant knew the amount for which the property was sold was less than a fair and adequate price and that its fair market value was at least $2,000; that the defendant knew that Clapp would expect a notice of the foreclosure proceedings, and was willing and able to protect the defendant from loss; that Clapp was misled by the failure of the defendant to say anything about the sale at the time of their conversation; that the failure to notify Clapp and the mortgagor was intentional, the purpose of the defendant being to get the property at less than its value, and also to hold Clapp on the note besides; that "the defendant did not use good faith in the conduct of the foreclosure proceedings and did not use reasonable diligence to protect Miss Murphy, the mortgagor, and Mr. Clapp, the indorser on the note, from loss." As the evidence is not reported, these findings must stand. Considered together they clearly indicate that the defendant did not exercise that diligence and good faith which the law requires in executing a power even though there was a literal compliance with its terms.

The subsidiary findings amply support the general finding and make it apparent that the defendant's dominant purpose was to bid off the property for a sum less than its value, and also to hold

the plaintiff Clapp to the payment of the amount due on the note. In these circumstances the finding that the defendant did not act in good faith or use reasonable diligence to protect the interest of the mortgagor and Clapp was warranted. *Montague* v. *Dawes,* 14 Allen, 369. *Bon* v. *Graves,* 216 Mass. 440. *Winchester Rock & Brick Co.* v. *Murdough,* 233 Mass. 50, 54.

Although at the time of the sale Clapp had parted with his interest in the mortgage and the claim thereby secured, he remained liable as indorser on the note. If the amount realized from the sale equalled or exceeded the amount due on the note, together with the expenses of the sale, his liability would have been extinguished; accordingly he was interested in the execution of the power in good faith and had a right to expect the defendant would exercise reasonable diligence in an effort to secure a fair price for the property. While he did not have a specific lien upon the mortgaged premises, his liability as indorser on the note, especially in view of his promise to the defendant to pay the note whenever the latter might request such payment, is sufficient to entitle him to maintain the bill under general principles of equity jurisprudence. *Emerson* v. *Atkinson,* 159 Mass. 356. *Skolnick* v. *Greenburg,* 230 Mass. 359. *Goodell* v. *Harrington,* 76 N. Y. 547. *Rohrbach* v. *Germania Fire Ins. Co.* 62 N. Y. 47. *Brewer* v. *Landis,* 111 Mich. 217. The demurrers to the bill and the amended bill were rightly overruled.

As no appeal was taken from the interlocutory decree overruling the defendant's exceptions to the master's report, they are not before us.

No objection is made to the form of the final decree. However, it should be modified by confirming the master's report and by declaring that the foreclosure sale is void; and as so modified it should be affirmed with costs.

*Ordered accordingly.*