ELIZABETH M. HAMLET *vs.* RUSSELL T. HAMLET.

Middlesex.     November 3, 1965. — December 6, 1965.

Present: SPALDING, CUTTER, KIRK, SPIEGEL, & REARDON, JJ.

*Fraud. Equity Jurisdiction,* Fraud. *Equity Pleading and Practice,* Bill.

A demurrer should not have been sustained to a bill in equity by a wife to secure return to her by the defendant, her husband, of an unrecorded deed of certain real estate from him to himself and her as tenants by the entirety which he had executed, acknowledged and delivered to her, where the bill afforded no basis for implying that the delivery was upon any condition and alleged that for many years he as her attorney had "advised her in her financial and legal affairs," that after the delivery she gave the deed to him "upon his representation that he would, as her attorney and fiduciary agent," record it, that she "relied on . . . [him] both as her husband and as her attorney of long standing" to record the

deed, that "when . . . [he] made said representation [he] did not in fact intend" to record the deed, and that he never had done so.   [682] A paragraph of a bill in equity merely stating conclusions of law as to the jurisdiction of the court to grant the plaintiff relief was demurrable. [682–683]

BILL IN EQUITY filed in the Superior Court on October 15, 1964.

The suit was heard by *Fairhurst,* J., on demurrer.

*Weld S. Henshaw* for the plaintiff.

*Irwin R. Macey & Dwight L. Allison,* for the defendant, submitted a brief.

SPIEGEL, J.   The plaintiff brought this bill in equity in the Superior Court seeking to enjoin the defendant, her husband, from "selling, assigning, transferring, mortgaging, alienating or encumbering" certain real estate; and, inter alia, to order the defendant to "return and redeliver to the plaintiff" the deed to the real estate which the defendant had originally "delivered to the plaintiff." The defendant's demurrer to the bill was sustained.   The plaintiff appealed from the interlocutory decree sustaining the demurrer and from a final decree dismissing the bill.

The bill in material part alleges the following.   The plaintiff and the defendant were married July 14, 1956. From 1948 until 1963, both before and after the marriage, the defendant was the plaintiff's attorney and "advised her in her financial and legal affairs."   In December of 1958 the defendant "executed, acknowledged and delivered" a deed conveying the real estate in question "from himself to himself and the plaintiff as tenants by the entirety," and delivered the deed to the plaintiff.   After the deed was delivered to the plaintiff she gave the deed to the defendant "upon his representation that he would, as her attorney and fiduciary agent, file it at the Registry of Deeds for the South District of Middlesex County."   The "plaintiff relied on the defendant both as her husband and as her attorney of long standing to perform this avowed purpose," but "when . . . [the defendant] made said representation [he] did not in fact intend to file said deed . . . and . . . never has filed said deed for recordation."

The grounds of demurrer are that the plaintiff's bill of complaint "has not set forth . . . any grounds that would entitle her to equitable relief," and "that paragraph 10[1] of the bill is demurrable in that it contains conclusions of law and not allegations or statements of fact."

The defendant argues that the demurrer was rightly sustained because "[i]t is clear that the . . . [defendant] agreed to complete the transfer only upon certain conditions being complied with by the . . . [plaintiff]." She "never complied with the . . . conditions and the . . . [defendant] never delivered the deed nor did he intend to do so until the conditions were met." In support of this argument the defendant appears to rely in great measure on G. L. c. 209, § 3, which requires deeds between husband and wife to be duly acknowledged and recorded in order for the conveyance of real estate to have any effect.

Contrary to the contention of the defendant, we find no basis in the plaintiff's bill for implying a condition on the delivery of the deed to her from the defendant. Although under G. L. c. 209, § 3, the conveyance of the real estate had no effect prior to recording, the plaintiff did have rightful possession of the document of conveyance. The defendant procured that document by fraud. See *Feldman* v. *Witmark,* 254 Mass. 480, 481. Therefore the plaintiff may maintain a bill in equity to recover it, just as she might maintain a bill in equity to recover any other chattel taken from her by fraud. *Frankel* v. *Frankel,* 173 Mass. 214, 215. See *Pierce* v. *Lamson,* 5 Allen, 60, 61.

Paragraph 10 of the bill of complaint merely states conclusions of law and therefore the special demurrer to

---

[1] "That this Honorable Court has jurisdiction to prevent fraud upon the plaintiff committed by the defendant, her husband, as described in his actions above; that this Honorable Court has jurisdiction to enforce the constructive and implied trust under which the defendant by his actions holds the described real property for the benefit of the defendant and the plaintiff as tenants by the entirety; that this Honorable Court has jurisdiction to enforce the constructive and implied trust under which the defendant by his actions holds the original deed to the described real property for the benefit of the plaintiff; and that this Honorable Court has jurisdiction to establish the conflicting rights of the plaintiff and the defendant concerning the real property described above."

this paragraph was properly sustained. See *Robitaille* v. *Morse*, 283 Mass. 27, 34; *Souza* v. *Torphy*, 336 Mass. 584, 585.

The final decree dismissing the bill is reversed. The interlocutory decree sustaining the defendant's demurrer is reversed. The demurrer is to be overruled; except that the special demurrer to paragraph 10 is to be sustained. *Skolnick* v. *Greenburg*, 230 Mass. 359, 363.

*So ordered.*