NYBURG & PROVINE

*v.*

H. R. PEARCE.

| 85 | 393 |
| 199 | 250 |
| 199 | 251 |
| 85 | 393 |
| 111a | 93 |

CHANCERY—*when cross-bill is necessary*. Where the whole scope of a bill is the adjustment of a partnership account, and the whole controversy is embraced in the ascertainment to whom the balance of the account is due, a cross-bill is not necessary to justify a decree in favor of the defendant.

WRIT OF ERROR to the Circuit Court of Saline county; the Hon. ANDREW D. DUFF, Judge, presiding.

Mr. JAMES M. GREGG, and Messrs. GREEN & CARPENTER, for the plaintiffs in error.

Mr. WILLIAM J. ALLEN, for the defendant in error.

Mr. JUSTICE BREESE delivered the opinion of the Court :

This was a bill in chancery, in the Saline circuit court, exhibited by Nyburg & Provine, complainants, and against H. R. Pearce, defendant, charging that a partnership had theretofore existed between these parties in retailing dry goods, under the firm name of H. R. Pearce & Co., each party sharing equally in the profits and loss. This business was so conducted until August 1, 1866, when Pearce retired from the firm, the books being delivered to complainants for adjustment and settlement, the amounts due the firm to be appropriated to the payment of the debts of the firm. There are various allegations in the bill, and the prayer was, that an account be taken of what was due complainants by the defendant, and that they have judgment for the same, and for general relief.

An answer was put in by Pearce, and after several continuances, testimony was heard, the most important being that of the parties, and the cause finally referred to John M. Gregg, as special master, to state an account, which was done, and his report made to the court. Exceptions were taken to the report by both parties.

From what we gather from the abstract and briefs of the parties, and the decree of the court, we would understand that the court confirmed the report of the special master, and passed a decree in favor of Pearce, finding that complainants were indebted to him in the result of their partnership.

It is now alleged by the counsel for the plaintiffs in error, that the special master made a grave mistake in his computation and in his report, to the prejudice of complainants.

We are not satisfied, by anything alleged, that there was a mistake, or that the computation and report of the master were incorrect. Nothing is specially shown wherein the error exists, as manifested by the testimony. There are general assertions to this effect, but no specific error is shown. The record is

not very satisfactorily made up, but, as we understand it, there is no testimony establishing the alleged error.

Another point made by plaintiffs in error is, that the court granted defendants affirmative relief without a cross-bill. Counsel refer to *Norman* v. *Hudleston*, 64 Ill. 11, and to *Price* v. *Blackmore*, 65 id. 386, wherein it was held error so to decree. It is, certainly, the general rule in chancery, that affirmative relief will not be granted a defendant, unless he makes claim to it by a cross-bill. But where the whole scope of a bill is the adjustment of a partnership, and the whole controversy is embraced in the ascertainment of where the balance is, which party is indebted to the other, and in what amount, this court said in *Atkinson et al.* v. *Cash*, 79 Ill. 53, a cross-bill was not necessary, and there is no real conflict in these decisions. In the case first cited the object of the bill was, not only for a partnership account, but to enjoin a suit at law, brought to recover the price agreed to be paid by complainant for the sale of his partner's interest in the business. The defendant answered, but filed no cross-bill asking affirmative relief. The court enjoined the suit at law, and rendered a decree in favor of the defendant, for a part of the price agreed to be paid for his interest in the partnership. This was matter foreign to the scope and purpose of the bill and suit, and a cross-bill was necessary.

In the other case, *Price* v. *Blackmore, supra,* a bill was filed to compel the conveyance of a piece of property, on the allegation that defendant had taken a deed to himself for the whole property, when, in equity, complainant was entitled to one half. The court decreed that complainant pay defendant one half the expense incurred in procuring the title, and awarded execution, in favor of defendant, for its collection. This, the court held, was such affirmative relief to defendant, as required a cross-bill to obtain it.

It would seem, therefore, that it depends very much on the purpose and object of the litigation, whether or not a cross-bill will be required before a decree shall pass in favor of a defendant. In this case, the sole question was, in whose favor

was the balance, and how much? See, also, *Iglehart* v. *Crane,* 42 Ill. 262, at p. 271.

We do not perceive any such error in the decree and proceedings as to require a reversal, and it is therefore affirmed.

*Decree affirmed.*