The opinion of the court was delivered by
Miller, J.
From the judgment of the lower court maintaining the opposition of various creditors to the amounts awarded to others on the account of the syndics-, this appeal is prosecuted by the syndics and the creditors whose claims were disallowed.
It is a familiar rule that an opposition to the account of a syndic or administrator puts the burden on the party whose debt is opposed to sustain it by proof, and neither the admission or books of the insolvent alone will make proof against creditors. Lemos vs. Duralde, 3 Martin N. S. 258; Lafon’s Heirs vs. His Executors, 3 Martin N. S. 707; Boissier’s Syndics vs. Belair et al., 1 Martin N. S. 481. The testimony in this case to meet,the opposition was that of the syndic and his clerk, and neither had any knowledge of the claims they were called on to prove except that derived from the books. Again, the witness, with no personal knowledge, but who speaks only from the entries in commercial books, has no knowledge that qualifies him to prove the debt. See White vs. Wilkinson, 12 An. 360.
These appellees are, as we infer, mainly planters whose alleged debts grew out of the shipment of their crops to the insolvent's, their factors. The debts claimed are on their books, and on the account of the syndic. The account is supported by his oath required by the rule of the District Courts. We can not accept the books or testimony as to their contents unaided by any other evidence, as proof against an opposition exacting, legal proof. Nor can we give *1540 greater effect to the syndic’s oath. But the record is forcibly suggestive that the appellants are creditors, who, placing undue reliance on the syndic’s affidavit and his statements and that of his clerk as a witness, have not administered the proof they could have produced. We are reluctant to dispose of the controversy finally, in this condition of the record and affirm a judgment which gives to the opponents a larger share of the fund than it is morally certain would accrue to them if the record contained the proof, the existence of which it indicates. We think justice requires the ease should be remanded.
It is therefore ordered, adjudged and decreed that the judgment of the lower court be avoided and reversed, and the cause is remanded to be proceeded with in accordance with the opinion herein, and that appellees pay costs.