DWIGHT M. DOWNES *vs.* MARY M. WORCH, Admx.

NOVEMBER 16, 1906.

PRESENT: Douglas, C. J., Dubois, Blodgett, Johnson, and Parkhurst, JJ.

(1)  *Equity.  Bill for Account.*

While it is the general rule in equity that affirmative relief will not be granted
to a defendant unless he makes claim to it, either by a cross-bill or in the
manner permitted by statute, by setting up in his answer any matter avail-
able on cross-bill, a suit in equity for an account is an exception, such bill
importing an offer on the part of complainant to pay any balance that may
be found against him, and entitling a respondent to a decree in his favor
for any balance found in his favor.

BILL IN EQUITY for an account.   Heard on appeal from
decree of Superior Court.   Decree affirmed, and appeal dis-
missed.

PARKHURST, J.   This is a suit in equity for an account,
which comes before us, on appeal, from the Superior Court.

A careful consideration of all the evidence in the cause con-
vinces us that the Superior Court was fully warranted in its
findings, both of fact and of law, and in its statement of the
account between the parties, as set forth in its rescript filed
on the 28th of April, 1906, and that its decree entered on the
25th of May, 1906, must be affirmed.   That decree orders the
complainant to pay to the respondent forthwith the sum of
$298.95, as the balance found due from the complainant to
the respondent on the accounting between the parties.

Neither of the parties contends that the account as stated
by the Superior Court is incorrect in respect of its statement
and computation; but the complainant, while admitting that
the account so stated is correct, if it is to be allowed upon the
basis of accounting taken by the Superior Court, contends
before this court, among other things, that the respondent is
not entitled to a decree in her favor because " there is no allega-
tion in the respondent's answer in the nature of a cross-bill or a
prayer for relief."

It does not appear whether or not this question was argued

before the Superior Court, and that court in its rescript assumes, apparently as a matter of course, that, having found the balance of the account to be in favor of the respondent, it should decree the payment of such balance by the complainant.

(1)    In this the Superior Court was clearly right. It is certainly the general rule in equity that affirmative relief will not be granted to a defendant unless he makes claim to it by a cross-bill (or in this State, by Gen. Laws chap. 240, § 17, now superseded by C. & P. A. p. 91, § 316, by setting up in the answer any matter that would be available on cross-bill).

But it is equally well settled that a suit in equity for an account between the parties is an exception to this general rule; that a bill, in such a suit, imports an offer on the part of the complainant to pay any balance that may be found against him; that upon such an accounting both parties are actors, and that either is entitled, according to the result, to the aid of the court to recover the balance that may be found in his favor; and that it is not necessary for the respondent to file any cross-bill, or to set up matter in his answer in lieu of such cross-bill.

This is most aptly stated in *Goldthwait* v. *Day*, 149 Mass. 185, where the court, through Holmes, J., says, at page 187:

"When a bill in equity is brought upon a mutual account, the cross-items in favor of the defendant are not matters of set-off. A set-off is a creation of statute. It is an independent claim which the statute allows the defendant to consolidate with the plaintiff's action by pleading it, if he chooses, subject to substantially the same defences as if he had sued upon it separately. On the other hand, a mutual account exists by agreement, and the effect of it is that the cross-items extinguish each other *pro tanto* at once, as they accrue. The only claim of either party is to the balance. See *Fanning* v. *Chadwick,* 3 Pick. 420; *Tyler* v. *Boyce,* 135 Mass. 558, 561; *In re River Steamer Co.,* L. R. Ch. 822, 830; *Grove* v. *Dubois,* 1 T. R. 112, 115, 116; *Tomkins* v. *Willshear,* 5 Taunt. 431, 432, and note *a; Farrington* v. *Lee,* 2 Mod. 311, 312, and 1 Mod. 268, 269. When a bill is brought upon such an account, it implies that there are items on both sides, and that the balance is uncertain

until ascertained by the aid of the court.　It seeks to have the balance ascertained and paid, and as a condition of being entertained it imports an offer, which formerly it was required to express, on the part of the plaintiff, to pay the balance if it should turn out against him.　*Colombian Government* v. *Rothschild*, 1 Sim. 94, 103.　*Clarke* v. *Tipping*, 4 Beav. 588.

"Under such a bill, the defendant has nothing to plead in order to get the advantage of it.　His claim is not an independent one, but is admitted and asserted by the plaintiff, so far as the defendant can prove his items and provided they exceed those on the plaintiff's side.　Those items are not to be pleaded except when the defendant sets out the whole account in his answer."

The same doctrine is upheld in *Hutchinson, Adm'r.* v. *Paige*, 67 Wis. 206; *Nyburg* v. *Pearce*, 85 Ill. 393, 395; *Wyatt* v. *Sweet*, 48 Mich. 539; *Scott* v. *Lalor*, 18 N. J. Eq. 301; *Allen* v. *Allen*, 11 Heisk. (Tenn.) 387; *Raymond* v. *Came*, 45 N. H. 201; *McGregor* v. *McGregor*, 21 Ia. 441, 455; *Fitzgerald* v. *Jones*, 1 Munf. (Va.) 150; *Payne* v. *Graves*, 5 Leigh (Va.), 561; *Saunders* v. *Wood*, 15 Ark. 24; See also *Cozzens* v. *Sisson*, 5 R. I. 489; *Jenks* v. *Smith*, 14 R. I. 634, 636; I Dan. Ch. \*386 and cases cited; I Story Eq. Jur. § 522; 1 Cyc. pp. 434, 438, 441; 16 Cyc. p. 326.

The decree of the Superior Court is affirmed; the appeal is dismissed, and the cause is remanded to the Superior Court for further proceedings.

*Bassett & Raymond*, for complainant.

*Edwards & Angell*, (*Albert Gerald*, of counsel) for respondent.