# Burns *v.* Mtg. Bond Co. of N. Y., *et al.*

### Bill to Redeem from Mortgage Sale.

(Decided June 30, 1916.   Rehearing denied January 18, 1917.
73 South. 987.)

**Mortgages; Redemption; Parties; Joinder.**—While the filing and proper prosecution of the bill to redeem mortgaged property will prevent foreclosure under the powers of the mortgage pending the suit to redeem, yet where the mortgagor files a bill to redeem without making the assignee of the mortgagee a party although the assignee should have been known to them, and there was no fraud or concealment by either the assignee or the mortgagee, a proper foreclosure by the assignee cut off the equity of redemption and remitted the mortgagor to the statutory right of redemption.

APPEAL from Jefferson Circuit Court.

Heard before Hon. A. B. FOSTER.

Bill by E. J. Burns against the Mortgage Bond Company of New York and others to redeem from mortgage foreclosure sale with cross bill by respondent to foreclose.   From a degree dismissing both the original and the cross bill complainant appeals. Affirmed.

GRAHAM PERDUE for appellant.   ALLEN, BELL & SADLER for appellees.

MAYFIELD, J.—This is a bill filed by appellant, a mortgagor, to exercise his equity of redemption.   The bill is somewhat peculiar, in that it alleges that the original mortgagee had theretofore transferred and assigned his interest in the mortgage debt and the lands conveyed by the mortgage, thus showing that the original mortgagee has no interest in the matter.   It is alleged, however, that the assignee, consignee, or grantee of the mortgage debt and premises was unknown to complainant, and could not be ascertained, and complainant therefore asks the court to aid him in ascertaining such party, and, when so ascertained, to make such grantee a party defendant.   The assignee was ascertained and made a party, but was not made a party until there was a foreclosure, under the powers of the mortgage, and then both he and the purchaser at the sale were made parties.

[Burns v. Mtg. Bond Co. of N. Y., et al.]

The assignee, Hamill, answered, and the purchaser at the foreclosure sale answered and filed a cross-bill, making complainant and other parties respondents thereto. The merits of the cross-bill are not here important. The hearing proceeded to final decree on all the pleadings and proof, and the chancellor, or judge with chancery jurisdiction, dismissed both the original bill and the cross-bill and denied all relief. From the decree the original complainant only appeals.

It appears that the assignee was known to the complainant or his attorney, or could and should have been known or ascertained by both within ample time to be made a party before the foreclosure; but that for some reason the assignee was not made a party until the foreclosure was had, which of course cut off the equity of redemption as completely as if it had never existed, conceding that the foreclosure was both regular and valid (and no sufficient reason is shown for finding the contrary).

It is of course denied by complainant and his counsel that they had notice or knowledge of the identity of the assignee in time to make him a party; and it is contended that if they did have such notice or knowledge in time, it was not their fault that he was not made a party before the foreclosure. Evidence was taken on this phase of the case, and the chancellor found against the contention of complainant—that is, that it was complainant's fault that the assignee was not made a party before the foreclosure, and that on account of this fault the equity of redemption was cut off.

It has been held by this court—and the doctrine was expressly recognized by the trial court—that the filing of a bill to redeem property and its proper prosecution will prevent a foreclosure under the powers of the mortgage pending the suit to redeem, for the reason that the court, in the suit to redeem, can proceed to foreclose if the complainant does not redeem; and if he does redeem there is not necessity to foreclose, and the court could well apportion all the costs and charges in the suit to redeem, as the merits might disclose. The mere filing of a bill for that purpose, when the parties really interested in the subject-matter are not before the court, cannot have that effect.

If, however, there was any fraud or concealment on the part of the mortgagee and assignee in order to prevent the assignee from being made a party, there might be a difference in the result. But no such case is here presented.

[Burns v. Mtg. Bond Co. of N. Y., et al.]

There is no principle of law or of equity announced in the cases of *Carroll v. Henderson,* 191 Ala. 248, 68 South. 1, *National, etc., Ass'n v. Cheatham,* 137 Ala. 395, 34 South. 383, and *Johnson v. Smith,* 190 Ala. 522, 67 South. 401, which conflicts with any similar principle decided in this case. The holding in each of those cases and in the cases cited therein is to the effect only that a foreclosure is not necessary, and will not be allowed to defeat a pending suit to redeem, because full and complete equity and justice can be done when all parties are before the court in the proceedings to redeem; in fact, the decree for redemption usually does, and may always, provide for a foreclosure in the event the redemptioner should fail to pay the amount, or to do all other things necessary to redeem.

In a proceeding like this, however, where the assignee, the party really interested in the redemption, is not before the court, he could not be bound by any decree that would be rendered; and when the mortgagor, as in this case, declines or neglects to make him a party until the foreclosure is had, through no fault or wrong on the assignee's part, and then forecloses, the mortgagor must take the consequences, and is, of course, remitted to his statutory right of redemption. There is nothing in this record to show that the mortgagee, or his assignee, or the purchaser at the foreclosure sale, was estopped from transferring or foreclosing the mortgage or purchasing at the sale. The record shows no word or act on their part, or on the part of any one of them, which creates an estoppel of any kind against them all or any one of them.

As no relief was granted to the purchaser at the foreclosure sale under the cross-bill, it being dismissed with the original bill, and the cross-complainant not appealing or complaining, it is unnecessary to pass on the demurrers which were overruled to the cross-bill. No possible injury did or can result to complainant in consequence of the rulings thereon.

It would serve no good purpose to discuss the evidence, whether affidavits, depositions, or of other kinds. It is sufficient to say that we have examined all of it, and that we concur in the findings and holdings of the chancellor in all respects.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.