LE ROY R. RUEHL, an Infant, by JOHN O. BALDWIN, as Guardian ad Litem, Appellant, *v.* LOUIS M. KARDOS, JR., Respondent.

First Department, March 2, 1923.

**Bailments — action by infant to recover money deposited with defendant for stock transactions — infant, who was bank clerk, procured money from bank by fictitious account — no defense that money was so procured — title to money thus fraudulently obtained.**

In an action by an infant to recover money deposited with a stockbroker for the purchase and sale of stock, which was commenced after the infant had repudiated the transaction and demanded the return of the money, it is no defense that the infant, who was an employee of a bank, had secured the money so deposited by means of a fictitious account in said bank, and by false and fraudulent checks and drafts feloniously withdrew from said bank the money which was deposited with the defendant.

The title to the money thus fraudulently obtained vested in the infant to the exclusion óf every one except the bank.

Whether or not the infant had title is immaterial, since the stockbroker, while he remained in possession of the property or its proceeds, could not question the right of the infant to the same, however tortiously the latter may have acquired possession, without showing that he had assumed such a relation toward the true owner that he was no longer in a situation to deny that the true owner actually owned the property and was entitled to its possession.

APPEAL by the plaintiff, Le Roy R. Ruehl, from a judgment of the Supreme Court in favor of the defendant, entered in the office

of the clerk of the county of New York on the 1st day of March, 1922, dismissing the complaint on the merits.

The judgment was entered pursuant to an order entered in said clerk's office on the 20th day of February, 1922, granting defendant's motion for judgment upon the pleadings, consisting of a complaint, an answer and a reply, and the appellant gives notice of intention to bring up for review said order.

*Harrington, Bigham & Englar* [*Albert Falck* of counsel], for the appellant.

*Max Lazarus* [*Philip C. Samuels* with him on the brief], for the respondent.

FINCH, J.:

The complaint alleges that the plaintiff, an infant, deposited with the defendant, a stockbroker, certain moneys for the purchase and sale of stocks, which transactions resulted in a loss, but that the plaintiff repudiated the transactions and demanded the return of the money. By way of defense it is alleged, and admitted by the reply, that the plaintiff was an employee of a bank, and by means of a fictitious account in said bank and false and fraudulent checks and drafts feloniously withdrew from said bank the moneys which were deposited with the defendant. The Special Term held that as it appeared that the money was the proceeds of a common-law larceny, plaintiff had no title and, therefore, could not recover. This was error. The facts alleged do not constitute a common-law larceny, but a so-called statutory larceny, because it is evident that the moneys were voluntarily paid over by the bank on the presentation of the checks and drafts, hence title to the moneys vested in the plaintiff to the exclusion of every one except the bank. (*Benedict* v. *Williams*, 48 Hun, 123; *People* v. *Ehrlich*, 190 App. Div. 303.)

Whether the plaintiff had title or not does not become important, however, because the defendant, while he remained in possession of the property or its proceeds, could not question the right of the plaintiff to a return of the same, however tortiously the latter may have acquired possession, without showing that he had assumed such a relation towards the true owner that he was no longer in a situation to deny that the true owner actually owned the property and was entitled to its possession. (*Sedgwick* v. *Macy*, 24 App. Div. 1; *Valentine* v. *Long Island R. R. Co.*, 187 N. Y. 121.) The Special Term, in arriving at its decision, relied upon cases involving the right of a true owner to follow his property, but this question is not involved in the case at bar.

It follows that the judgment and order should be reversed, with costs, and the motion denied, with ten dollars costs.

Clarke, P. J., Dowling, Page and Merrell, JJ., concur.

Judgment and order reversed, with costs, and motion denied, with ten dollars costs.