(121 So. 538)

**FORMAN v. McANEAR. (8 Div. 41.)**

Supreme Court of Alabama. April 4, 1929.

158

C. L. Peck and E. W. Godbey, both of Decatur, for appellee.

G. O. Chenault and S. A. Lynne, both of Decatur, for appellant.

SAYRE, J. Appellant, James A. Forman, individually and as administrator of the estate of John Henry Forman, deceased, along with numerous others who are averred to claim an interest in that estate, is made party defendant to appellee's bill, which prayed, inter alia, for the removal of the administration of the estate from the probate into the circuit court in equity. The bill further prayed that the defendant, James A. Forman, be removed as administrator; that he be required to settle; "that his individual claims and contentions and the claims and contentions of the said defendant W. E. Forman [one of the numerous defendants] and the claims and contentions of all the defendants as heirs or as parties in interest in said estate be declared unfounded and spurious;" that they be enjoined and restrained from setting up any claims; "that he [the administrator] be ordered to surrender possession of said premises to the complainant, and that a writ of possession issue to place complainant in possession," etc. James A. Forman "in his representative capacity as administrator" demurred. His demurrer being overruled, he appeals.

It is necessary in disposing of the demurrer to note the further averment of the bill, to the effect that, notwithstanding defendants' claim to be the heirs at law and distributees of John Henry Forman, deceased, complainant, who succeeded to the right and

title of Rebecca McAnear upon her death after the filing of the bill, is the only true heir and distributee of the estate of decedent, and that decedent owed no debts; that the administration of the estate was unnecessary, and was, in fact, a perversion of the law of administration—this last allegation, we infer, being based upon the averment elsewhere in the bill that the estate owed no debts, and that the administrator and his codefendants had no interest in it. Still defendant, appellant, was administrator de facto, and, by appointment of the probate court and the circuit court in equity, after the removal of the administration into that court according to the statute, had complete jurisdiction of the estate and of appellant as administrator. As for the land, in the absence of a devise, the title vested in the heirs—complainant, according to the bill—eo instante the former owner's death, and the right of the administrator was limited to selling it for the payment of debts, if necessary, or for division among the heirs or devisees in the event only that an adult heir or devisee filed his written consent that the land may be sold (Code, § 5849). Rucker v. Tennessee Co., 176 Ala. 456, 58 So. 465. Accepting the averments of the bill as true—as we must on demurrer—every step taken by appellant administrator with regard to the land was an interference with the lawful rights of appellee. Creel v. Creel, 167 Ala. 603, 52 So. 902.

██ The whole force of the demurrer is found in appellants' argument that the circuit court in equity has no authority to take the possession of the land from appellant administrator and put it in appellee; that appellee is entitled to have the question of his title and right of possession tried by a jury in a court of law. But that the court of equity, upon the removal into it of the administration, has jurisdiction to determine whether the estate owes debts and who is entitled to the estate after debts are paid, or at once, on proof that there are no debts, and, upon the determination of these facts in agreement with appellee's contention, to order the property of the estate, land, or what not, if the administrator has taken possession, turned over to the true heir, we think cannot be reasonably doubted. Appellant estopped himself to deny these conclusions, or their application to the situation in which he finds himself when he accepted letters of administration from the probate court, and in the pretended exercise—if the bill alleges the true facts—of his authority thus acquired took possession of land in which he had no right or interest as owner or administrator. Hence we hold that the demurrer of appellant "James A. Forman, in his representative capacity as administrator of the estate of John Henry Forman, deceased," was not well taken, and that the decree overruling it was properly rendered.

Affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.