36 So.2d 312

## LOFTIN v. SMITH.

### 3 Div. 499.

Supreme Court of Alabama.

June 10, 1948.

Rehearing Denied July 31, 1948.

Hill, Hill, Whiting & Harris, of Montgomery, for appellant.

Clarence M. Small and Walter J. Knabe both of Montgomery, for appellee.

BROWN, Justice.

This appeal is from an interlocutory decretal order of the Circuit Court of Montgomery County, sitting in equity, over-ruling demurrers of the defendant to the bill as last amended.

As it appears in this record, the bill is filed by Mary Elizabeth Loftin Smith, as Administratrix of the estate of G. E. Loftin, deceased, against Walter Loftin, doing business as City Cab Company. After allegations as to age and residence of the parties, the bill alleges that the complainant is the widow and personal representative of G. E. Loftin, deceased, who died on August 11, 1946; that said G. E. Loftin at the time of his death was the sole owner of a taxi cab business located and operated in and about the County and City of Montgomery, Alabama; that the said taxi cab company and business of said Loftin used a number of automobiles, the exact number of which complainant is not informed, but that the best of her information is that there are five 1946 model Plymouth automobiles, the property of said G. E. Loftin; that the defendant Walter Loftin was employed by said G. E. Loftin, deceased, to operate the said taxi cab business known as the City Cab Company; that said Walter Loftin has continued to hold said business and said automobiles in his possession and has refused to surrender the same to the complainant. The bill seeks discovery and relief. The discovery sought pertains to the property owned by complainant's decedent in the custody of the defendant at the time of decedent's death, and an accounting in respect thereto.

The defendant demurred to the bill for want of equity; for that complainant has a complete and adequate remedy at law; for that no specific reason is averred in said bill whereby the jurisdiction of a court of equity is required for full and complete discovery into the affairs of said cab company; for that no facts are averred showing that complainant has no legal means of ascertaining and proving the facts averred by the bill except by the answer of respondent and other grounds.

The appellee cites and relies on Carmichael v. Pond, 190 Ala. 494, 67 So. 384. In that case the administration of the estate had been removed to and was pending in the chancery court where the bill was filed and the discovery sought was in aid of the administration of the estate and alleged facts showing fraudulent concealment of assets of the estate and refusal to disclose any information in respect thereto. The administration of the estate of G. E. Loftin, deceased, as far as appears from the bill, has not been so removed into the court of equity. But taking the allegations as true, it shows that Walter Loftin at the time of the death of the complainant's decedent was acting as an agent for said decedent in the operation of said business and that since G. E. Loftin's death, he has continued to operate the same and has refused after demand to surrender the same to the complainant.

It is well settled that, "Courts of equity have always claimed and exercise exclusive jurisdiction in cases of trusts and over the conduct of those appointed to execute them. This has never been disputed ground. No other tribunal can so properly direct the manner of executing them, or inquire into and correct abuses where there has been, or is likely to be, mismanagement by the trustees. An element of trust then may be said always to confer jurisdiction in equity. But while the protection of cestui que trusts against frauds on the estate is an object of peculiar solicitude in courts of equity a court of equity does not restrict its remedial processes to the aid of those only who are injured by the violation of a technical trust, but it embraces within its view the general claims included within what are called quasi trusts, and intervenes to prevent violations of equitable duty by whomsoever committed or

whomever may suffer from the violation. In many cases, as has been seen above, it goes altogether outside of technical trust relations to prevent fraud, or to compel a restoration of property obtained by fraud. And it is a firmly established rule in equity that, where one person occupies a relation in which he owes a duty to another, he shall not place himself in any position which will expose him to the temptation of acting contrary to that duty, or bring his personal interest in conflict with his duty. If he does so act a court of equity will not inquire whether he has in fact violated his duty, but will grant relief irrespective of his good or bad faith, if the other party to the fiduciary relation desires it. This rule applies to every person who stands in such a situation that he owes a duty to another, and courts of equity have never fettered themselves by defining particular relations to which alone it will be applied. They have applied it to agents, partners, guardians, executors, administrators, directors, and managing officers of corporations, as well as to trustees, but have never fixed or defined its limits." 10 R.C.L. § 99, pp. 349, 350. Phillips v. Birmingham Industrial Co., 161 Ala. 509, 513–515, 50 So. 77, 135 Am.St.Rep. 156.

While the relation of principal and agent existing between complainant's decedent and the respondent was dissolved by his death, nevertheless it was defendant's duty to account to decedent's estate, and in continuing his possession of the business and the property used therein, he became a trustee in invitum, and the principle stated above has been applied to just that situation. Alexander v. Hillman, 296 U.S. 222, 56 S.Ct. 204, 80 L.Ed. 192; Peoples-Pittsburg Trust Co. v. Saupp, 320 Pa. 138, 182 A. 376, 103 A.L.R. 844; Moody v. Bibb. 50 Ala. 245; Fowler v. Fowler, 219 Ala. 453, 456, 122 So. 444. This court has recently sustained the jurisdiction of a court of equity in an analogous situation. Faust v. Faust, ante, p. 35, 36 So.2d 232.

The decree overruling the demurrer is free from error.

Affirmed.

GARDNER, C. J., and LIVINGSTON and SIMPSON, JJ., concur.