40 So.2d 704

**HAWKINS v. SNELLINGS.**

4 Div. 513.

Supreme Court of Alabama.

May 19, 1949.

A. L. Patterson, of Phenix City, for appellant.

W. R. Belcher, of Phenix City, for appellee.

LIVINGSTON, Justice.

The original bill was filed by appellant as co-mortgagor to enjoin a sale of the property under the powers of sale contained in the mortgage and sought an accounting between the parties. A temporary injunction was granted upon the filing of appellant's bill of complaint, but was dissolved on motion of appellee after a hearing.

Appellant in her original bill as amended made no offer to do equity, nor did she allege that she was ready, willing and able to pay the mortgage indebtedness. Her strongest allegation in this regard is as follows: "She avers that if the rents and profits are properly applied to said indebtedness, and she avers that she *wants* to pay off said indebtedness, that the same will more than pay the said indebtedness and that the property can be saved, and that she and all the other parties concerned will be benefited by proper handling of said property."

Appellee interposed in the court below a sworn answer that merely denied the averments of the bill. No demurrer was interposed, nor was a cross bill filed.

The case proceeded to a hearing before the chancellor on the merits of such bill and answer. The trial court in its decree found the mortgage to be due, stated the amount due thereunder, which was in complete accord with appellant's theory of the amount due under the mortgage—she having admitted an indebtedness of many thousand dollars, and further ordered appellant to pay said amount due within a time fixed by the decree. The court further ordered that if complainant failed to pay the amount due by the date fixed in the decree, then the register should proceed to advertise and sell the property at public outcry. This appeal is from that final decree.

The paramount question here and one which is decisive of this appeal is whether or not the trial court under the pleadings as heretofore noted had the power to grant respondent affirmative relief and order a sale of the property.

 A decree in the alternative, such as was entered by the lower court, here is authorized when the pleadings justify same. Garland v. Watson, 74 Ala. 323.

 But it is a well settled rule in equity practice that a respondent will not be granted affirmative relief except on the filing of a cross bill seeking relief. O'Kelley v. Clark, 184 Ala. 391, 63 So. 948. The courts have recognized exceptions to this rule in several types of equity proceeding. Masterson v. Masterson, 32 Ala. 437; Downes v. Worch, 28 R.I. 99, 65 A. 603, 13 Ann.Cas. 647; Eslava v. Crampton, 61 Ala. 507, 514; Grooms v. Brown-Marx Co., 239 Ala. 284, 195 So. 215.

 However, we have consistently held that no decree ordering the foreclosure of a mortgage owned by a respondent can be entered unless the respondent files a cross bill seeking such relief or unless the complainant in his bill submits himself to the authority and jurisdiction of the court, so that the court, without more, might compel him to do equity. Jackson v. Prestwood, et al., 211 Ala. 585, 101 So. 185; Bedell v. New England Mortgage Co., 91 Ala. 325, 8 So. 494; Ross v. New England Mortgage Security Co., 101 Ala. 362, 13 So. 564; Garland v. Watson, supra. The language of the Court in Jackson v. Prestwood, supra, is explicit. It was there said: "A cross-bill, or an answer in the nature of a cross-bill, was essential to a foreclosure and which could not be decreed without same."

 Under the pleadings as developed in the instant case no foreclosure could be ordered, and it results that the decree must be reversed.

It should be noted that the mortgage in question is jointly owned by appellee and another. Likewise, the mortgage was executed by appellant and another. Appellant's co-mortgagor and appellee's co-mortgagee are not parties to this suit and have never been given notice as required. No question has been raised in this regard, but since the decree must be reversed and the cause remanded, we call attention to this apparent lack of proper parties.

Reversed and remanded.

BROWN, SIMPSON, and STAKELY, JJ., concur.