42 So.2d 249

**EDWARDS v. BROWN.**

**6 Div. 856.**

Supreme Court of Alabama.

June 16, 1949.

Rehearing Denied Oct. 20, 1949.

Charles W. Greer of Birmingham, for appellant.

Harris Burns, of Birmingham, for appellee.

BROWN, Justice.

The bill, as last amended, filed May 27, 1947, is by appellee seeking to protect her interest in Lot No. 7 in Block No. 1 in F. O. Sherrod's Second Addition to Woodlawn, on which is situated house designated as 229 North 54th Street in the City of Birmingham, Jefferson County, Alabama, and alleges that the complainant owns a life estate in said property. The bill is against Virginia Edwards who entered into an agreement with Mary Alice Strong which states as inducement that,

"Whereas, party of the first part, desiring to make provision for Miss Clara Brown during her life, did, on the 20th day of December 1905 convey to said Clara Brown by deed a life estate in Lot 7 in Block 1 F. O. Sherrod's addition to Woodlawn, said deed being recorded in the office of the Judge of Probate of Jefferson County, Ala., in Vol. 409, at page 560, to be used by the said Clara Brown as a. residence, and;

"Whereas, party of the second part is: now residing in said dwelling house situated on the premises above described and is furnishing said Clara Brown with food and other attention generally and,

"Whereas, said dwelling house is urgently in need of substantial repairs so that same may be comfortable as a dwelling and;

"Whereas, party of the second part is willing to look after the comfort of said Clara Brown and provide her necessary wants (clothing and medical attention excepted) and is willing to make all necessary repairs to said dwelling at her own expense, now therefore, it is agreed by and between the parties hereto as follows:

"Party of the second part shall make all necessary repairs to said dwelling so as to render same suitable as a dwelling, and shall keep said dwelling in suitable repair so long as said Clara Brown lives and all sums so expended by party of the second part shall constitute a lien against said property above described as Lot 7 in Block 1 for the repayment of all such sums so expended for repairs as aforesaid which said sums shall be repaid to party of the second part in the manner following:

"After the death of said Clara Brown party of the second part, her heirs and assigns shall have the right to occupy said above described premises at a rental of Ten Dollars per month (said rent to be calculated after the death of said Clara Brown) until said rents accumulate to an amount equal to the amount expended by her in making said repairs to said dwelling, but in no event shall party of the second part be charged with any rent prior to the death of party of the second part being

620

sufficient return for the occupancy of said premises by second party during the life of said Clara Brown.

"It is further agreed that this agreement and its terms shall include any amounts expended by second party in making repairs to said dwelling prior to the execution of this agreement, as well as afterwards but party of second part is not authorized to make repairs to said dwelling after the death of Clara Brown, unless authorized by party of first part.

"In witness whereof we have hereunto set our hands this the 22nd day of February, 1937. (Signed) Mary Alice Strong, Virginia Edwards, Clara Brown, Mary Alice Strong Lucius."

This instrument was acknowledged by Mrs. Strong before a notary public and was filed for record and recorded in the probate office of Jefferson County on May 27, 1947. The effect of this agreement, in the light of the facts alleged in the bill, was to set up a trust for the benefit of the complainant and imposed duties on the defendant to look after and protect the interest of said complainant and the property, which the two were to enjoy under the terms of said agreement as a place of residence.

The bill alleges in short that the defendant allowed the property to sell for taxes assessed against the complainant and that the defendant purchased the property at tax sale and received a deed therefor after the expiration of the time for redemption. That thereafter the defendant excluded the complainant from the use of the residence on said property, rented the same to third parties and is collecting the rent therefor for her own use and benefit. That the defendant constructed a small room added to the back portion of the house, which was poorly equipped with heating apparatus and cooking utensils and facilities and without modern conveniences of living and excluded the complainant from the use of the bath in the main building and required her to enter the little room attached to the back of the building at the rear.

The defendant demurred to the bill for want of equity and on other grounds, among others, that Mary Alice Strong Lucius, who was originally made a party complainant with Clara Brown, was an improper party to the bill. That the remaindermen who would take the estate after the termination of the life estate of Clara Brown were not made parties to the bill and on sundry other grounds. After Mary Alice Strong Lucius was stricken by amendment the case was submitted on the demurrer and the court entered a decree overruling the same. Hence this appeal from that decree.

■ We are of opinion that Mrs. Lucius was at least a proper party to the bill as one of the contracting parties, although it appears from the face of the contract that it was made for the benefit of complainant, and could sue in her own right to protect her interest. Meyerson v. New Idea Hosiery Co., 217 Ala. 153, 115 So. 94, 55 A.L.R. 1231.

■ The bill does not seek to dispose of any interest in the property, neither the life estate nor the remainder, but it seeks to protect the interest of the complainant in the property and its use during her lifetime. The remaindermen were not necessary parties. The complainant in her bill offers to do equity. The allegations of the bill clearly bring it within the principle stated by this court in Loftin v. Smith, 251 Ala. 202, 36 So.2d 312, 314, and on authority of that case we hold that the circuit court did not err in overruling the defendant's demurrer to the bill.

Affirmed.

FOSTER, LIVINGSTON and SIMPSON, JJ., concur.