51 So.2d 353

## WELCH v. WHITMAN.
### 6 Div. 998.

Supreme Court of Alabama.
March 22, 1951.

Beddow & Jones and Rederick Beddow, Jr., all of Birmingham, for appellant.

Huey, Welch & Stone, of Bessemer, for appellee.

BROWN, Justice.

The bill filed by appellee, an alleged equitable owner in possession, on January 25, 1948, seeks to have a deed of conveyance executed to appellant on February 15th, 1937, declared and adjudged to be a mortgage given to secure a loan made to the grantor by appellant with the right of the complainant to discharge the same and assert and protect her equity of redemption. In the alternative the bill seeks to have said conveyance annulled as provided in § 15, Title 20, Code of 1940, the bill alleging that the consideration for the execution of the same was in a material part an agreement on the part of the defendant to support complainant for the balance of her life.

The bill as originally filed alleges, "That the Complainant on, to-wit, 15th day of February, 1937, and for several years prior thereto, was the owner of the following described real estate situated in Jefferson County, Alabama, to-wit: 'Lots 4 and 5, in Block 1, in G. B. Edwards' Survey of Brighton, map of which is recorded in Map Book 4, page 103, in the Probate Office of Jefferson County, Alabama. Mineral and mining rights excepted.', on which was located two dwellings and in one of which the Complainant resided then and for several years prior thereto and the Complainant has continuously resided on said property since said date up to and at the present time, and the same constitutes her homestead.

"That prior to said 15th day of February, 1937, Complainant procured a loan from the Home Owners' Loan Corporation which was secured by a mortgage on said property and the Complainant became delinquent in the payment of said mortgage indebtedness and there was due and payable on, to-wit, 15th day of February, 1937, the sum of, to-wit, One Hundred Dollars ($100); that on said date Complainant arranged with the Respondent to borrow from him the sum of, to-wit, One Hundred Dollars ($100) for the purpose of paying said delinquency and to secure said loan from the Respondent the Complainant agreed to give to the Respondent a mortgage on said property and the Respondent was to be authorized to collect rents thereafter on said property and apply the same, first, to the payments of said mortgage indebtedness to the Home Owners' Loan Corporation and the balance on the mortgage indebtedness owing by the Complainant to the Respondent.

"4. That the Respondent on said date, namely, 15th day of February, 1937, notwithstanding the agreement as set forth in the preceding paragraph, falsely and fraudulently induced the Complainant to execute and deliver to the Respondent a deed to said property, a copy of which is hereto attached and marked Complainant's Exhibit 1 and made a part hereof; that Complainant is, to-wit, eighty (80) years of age and was old and feeble at the time said deed was executed, uneducated and did not know what she was signing and relied solely on the representation made to her by the Respondent that said instrument she signed on said date was a mortgage on said property to secure said indebtedness Respondent loaned her on said date.

"That since said deed was executed and delivered to Respondent the Respondent

has collected all the rents accruing on said property, the amount of which is unknown to the Complainant and the Respondent has refused to give this information to the Complainant; that Complainant does not know nor has Respondent informed her as to how much the Respondent has paid on the mortgage indebtedness to the Home Owners' Loan Corporation or the amount paid on the indebtedness owing by the Complainant to the Respondent.

"5. That your Complainant is entitled to have this court construe said deed to be a mortgage and have an accounting in this court in which the Respondent shall be required to account for all rents, incomes and profits received from said property, the amount paid on the mortgage indebtedness to the Home Owners' Loan Corporation and the amount applied to the mortgage indebtedness due the Respondent and that your Complainant submits herself to the jurisdiction of this court and offers to do equity and pay to the Respondent any and all sums fixed by the court as the balance due on the mortgage indebtedness owing by the Complainant to the Respondent and such other sums as the court may require to the Complainant to perfect her equity of redemption of said property."

The court sustained the defendant's demurrer to the original bill apparently on the ground that its allegations showed that the complainant was guilty of laches and the complainant amended her bill by adding thereto "between Paragraphs 4 and 5, the following paragraph designated as Paragraph 4-A: "4-A. Complainant further avers that she did not discover said fraud, practiced by the Respondent on her, until, to-wit, one year prior to the filing of this Bill of Complaint."

The defendant reinterposed his demurrer addressed "to the bill of complaint in said cause filed, as last amended, and to each separate and several aspects thereof, separately and severally, * * *." And the defendant also addressed his demurrer specifically to each aspect of the bill, assigning all grounds stated in the demurrer first filed as well as those added, embracing 25 assignments.

The court overruled the demurrer addressed to the bill as amended and to its two aspects, and the defendant appealed from that decree, and has made 57 assignments of error on the record. We shall not undertake to answer these numerous assignments of error in detail but will state applicable principles.

■ The contention of appellant that the bill is subject to demurrer because of laches is without merit. The bill shows that the complainant is and has been in the continuous, actual occupancy of the land.— Ammons v. Ammons, 253 Ala. 82, 42 So.2d 776; Ellis v. Stickney, 253 Ala. 86, 42 So.2d 779.

■ A bill which seeks alternative or inconsistent relief in respect to the same subject-matter or founded on the same contract or transaction, is not multifarious. Kelly v. Carmichael, 217 Ala. 534, 117 So. 67; Equity Rule 15, Code of 1940, Tit. 7 Appendix, p. 1055; Smith-Howard Gin Co. v. Ogletree, 251 Ala. 366, 37 So.2d 507.

■■ Under the cited authorities even though the relief sought in the alternative is inconsistent with the first aspect which seeks to have the deed declared a mortgage, this does not render the bill demurrable as a whole or as to either of said aspects. The facts alleged in the bill, if true, indicate a fiduciary relationship between the complainant and the defendant involving an element of trust over which courts of equity exercise exclusive jurisdiction. Loftin v. Smith, 251 Ala. 202, 36 So.2d 312.

We are, therefore, of the opinion that the demurrer to the bill as amended was properly overruled.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and STAKELY, JJ., concur.