53 So.2d 552

## HAWKINS v. SNELLINGS.
### 4 Div. 605.

Supreme Court of Alabama.

March 22, 1951.

As Modified on Denial of Rehearing
June 28, 1951.

Patterson & Patterson, of Phenix City, for appellant.

W. R. Belcher and Smith & Smith, all of Phenix City, for appellee.

**BROWN, Justice.**

It is well settled law that a "mortgagor in possession may without previous tender file bill to protect and enforce equity of redemption" and that a "mortgagee cannot, pending mortgagor's bill to protect equity of redemption, impair mortgagor's right to redeem." Ezzell v. First Nat. Bank of Russellville, 218 Ala. 462, 119 So. 2; Boyd v. Dent, 216 Ala. 171, 113 So. 11; Carroll v. Henderson, 191 Ala. 248, 68 So. 1; Thompson v. Atchley, 201 Ala. 398, 78 So. 196, 79 So. 478; Fair v. Cummings, 197 Ala. 131, 72 So. 389; Burns v. Mortgage Bond Co. of New York, 199 Ala. 77, 73 So. 987.

On the former appeal reported as Hawkins v. Snellings, 252 Ala. 238, 40 So.2d 704, 705, the decree of the circuit court was reversed for lack of proper parties and on that appeal it was observed:

"It should be noted that the mortgage in question is jointly owned by appellee and another. Likewise, the mortgage was executed by appellant and another. Appellant's co-mortgagor and appellee's co-mortgagee are not parties to this suit and have never been given notice as required. No question has been raised in this regard, but since the decree must be reversed and the cause remanded, we call attention to this apparent lack of proper parties."

Notwithstanding this observation, after remandment the respondent J. F. Snellings, an individual doing business in the name of Snelling Finance Company filed an original bill in the nature of a cross-bill, seeking to foreclose the mortgage executed to him and his wife Maude I. Snellings, against "Lillian Inez Hawkins Windham, formerly Hawkins, * * * Joe Hawkins * * * a minor over the age of Fourteen years, and George W. Hawkins, a non resident of the State of Alabama * * *," without making said Maude I. Snellings a party either cross-complainant or respondent, and prosecuted the same to the final decree from which the appeal in this case is prosecuted. The circuit court in said decree stated as a fact and conclusion of law, "From all the evidence in the case that has been introduced the court is of opinion that the respondent has title under his mortgage to a two-thirds interest in the real property known as the laundry property with one-third interest in the real property belonging to the minor," showing that the right of the co-mortgagee, not made a party to the original bill nor to the original bill in the nature of a cross-bill, left a loop hole for future litigation and vexation.

Said decree, although the undisputed evidence shows that said J. F. Snellings and his organization, either by agreement with complainant's widow who was at the time ill or by surreptitious cunning and blandishment, took over and continued to operate the laundry property without offering to pay or account for rents, income and profits arising from said business on the sole assertion that the mortgagors were in default and by virtue of such default he was the owner of the property, not only ignored the complainant's equity of redemption, but disregarded the ownership of a third interest by the minor Joe Hawkins, not covered by the mortgage.

■ As applicable to the first point above stated, it is well settled law in Alabama that on final hearing on the merits and on appeal from a final decree where it appears that the cause cannot be properly disposed of because of nonjoinder of a necessary party, "the objection may be made at the hearing, or on error, it may be taken by the court ex mero motu." Prout v. Hodge, 57 Ala. 28; Singo v. Brainard, 173 Ala. 64, 55 So. 603; Baisden v. City of Greenville, 215 Ala. 512, 111 So. 2.

■ The law applicable to both horns of the dilemma is well stated in Prout v. Hodge, 57 Ala. 28. We reproduce it here: "The general rule in a court of equity is, that all persons having a material interest, legal or equitable, in the subject matter of a suit, must be made parties, either as plaintiffs or defendants. The rule proceeds on the principle that no man's rights should be controverted in a court of justice, unless he has full opportunity to appear and vindicate them; and further, that complete justice may be done and future litigation avoided, the performance of the decree being safe because of the presence in court of all who have an interest in its subject matter. Story's Eq.Pl. § 72.'

■ "A mortgage operates in a court of law as a conveyance, transferring to the mortgagee the estate of the mortgagor. In equity, it is a mere security for a debt; and until its foreclosure, by decree of a court of equity, or by the execution of a power of sale, if such power is conferred, the mortgagor may redeem by payment of the debt. * * *."

And in this connection, if the mortgagee has received money or other effects which should be applied to the reduction of the debt, and neglects or refuses to so apply the same, the mortgagor is entitled to an accounting. Ezzell v. First Nat. Bank of Russellville, 218 Ala. 462, 119 So. 2.

■ The evidence is without dispute that Snellings and his finance organization took charge of the laundry and operated it continuously, as some of the evidence goes to show "day and night," on the mistaken assumption that he was the sole owner, and collected the earnings without keeping any account thereof. Under the great weight of authority Snellings should be required to account to the mortgagors and the co-owner Joe Hawkins, for rents received and rents or profits made that should have been earned by "reasonable diligence, that diligence which one of ordinary diligence exercises in dealing with his own property. This is the just and equitable rule. Alexander v. Hicks, 242 Ala. 243, 247, 5 So.2d. 781.

■ 41 C.J. p. 615; 59 C.J.S., Mortgages, § 305, page 394 states the rule to be that, "A mortgagee in possession is generally regarded as a constructive trustee, being subject to an accounting by [to] the mortgagor and those claiming under him, and he is bound to manage the property in a reasonably prudent and careful manner, so as to keep it in a state of good preservation, and make it productive." To like effect is 36 Am.Jur. p. 842, § 305.

The decree of the circuit court denied the right of the complainant to an accounting on the ground that the evidence did not show the mortgagee had agreed to pay rents or account for profits. The decree also ignores the rights of said minor.

We repeat "that in cases of accounting, such as this, equity procedure has wisely provided for a reference with appropriate instructions, wherein the register or special referee may see and hear the witnesses, state an account disclosing his findings on the several issues; with further procedure for facilitating a review. Certain presumptions support his findings of fact. Such is the better practice." Alexander v. Hicks, 242 Ala. 243, 245, 5 So.2d 781, 782; Loftin v. Smith, 251 Ala. 202, 36 So.2d 312.

The property consisting of a laundry—a going concern—and the building in which it is situated in the heart of the business district of Phenix City, the residence (the homestead of the complainant and the minor child), and an apartment on one of the main streets, on which the respondent Snellings through his finance organization advanced upward of $20,000 as a loan payable within twelve months divided into twelve monthly payments, eleven of $300,—

00 each and the last of more than $27,000 in December, 1947 (the year in which the loan was made), together with the interest calculated and included in the face of the notes, created a debt (according to the testimony offered by the cross-complainant Snellings) of over $30,000. Evidence was offered going to show Snellings agreed to allow the mortgagors to renew, if full payment was not made on the final due date. This he denied and when default was made he assumed control of the laundry and the building in which it was situated and declared his sole ownership thereof. The loan was evidenced by an instrument in writing, which recited that it was a "mortgage", carrying the usual provisions for declaring the entire debt due on failure to pay any one of the notes at maturity. At the public auction under the decree of the court Snellings, the mortgagee, was the only bidder. As the evidence indicates he bought the same in for less than half of the original sum advanced. The one-third interest of the minor, which was unincumbered, was embraced in the sale. After the payment of expenses of foreclosure, attorney's fees and costs, the minor was awarded the measley sum of $750. The register who made and entered the sale abstained from making the usual statement in such cases that the price at which the property was sold was "not greatly disproportionate to its value," yet this sale was confirmed without evidence touching the subject of the adequacy of the bid by the purchaser.

In the light of the amount of said loan indicating the value of the property and the amount of the bid, the bid is so inadequate as to shock the judicial conscience, and should not have been confirmed. Hunter-Benn & Co. v. Bassett Lumber Co., 224 Ala. 215, 139 So. 348.

The title and interest of Joe Hawkins, the minor heir of J. F. Hawkins, deceased, who died intestate before the mortgage was executed, passed to and vested in said heir, he being the only heir of his ancestor, free of incumbrance, and that interest in the property cannot be subjected to the diminishing processes of this litigation, seeking the foreclosure of the Snellings' mortgage. Nor is it subject to sale under the foreclosure proceedings. Forman v. McAnear, 219 Ala. 157, 121 So. 538; Gassenheimer v. Gassenheimer, 108 Ala. 651, 18 So. 520; Carroll v. Draughon, 173 Ala. 338, 56 So. 209; Carter v. Mitchell, 225 Ala. 287, headnote 42, 142 So. 514, subject of course to such further orders of that court for the protection of the parties pending final determination of the case.

The infant defendant through and by his guardian ad litem filed an appropriate answer and cross-bill, asserting his ownership of a one-third interest in and to said property and praying for an accounting by the mortgagee in possession, to which he is entitled. Burns v. Lenoir, 220 Ala. 422, 125 So. 661. The decree of the circuit court erroneously ignores these rights.

For the errors pointed out the decree of the circuit court ordering the sale of the property and the decree confirming the register's report thereof are reversed, vacated, set aside and held for naught and the cause is remanded with directions to the court to enter a decree of reference to the register or a special master to take and state an account between the parties in accordance with principles stated in this opinion. And pending further proceedings the register is directed to issue a writ, directing the Sheriff of Russell County to restore the status quo prevailing at the time of the rendition of the decree below by placing the complainant and the infant defendant in possession of the residence and the apartment connected therewith.

Reversed, rendered and remanded with directions.

LIVINGSTON, C. J., and SIMPSON and STAKELY, JJ., concur.

On Rehearing

PER CURIAM.

Opinion modified and application for rehearing overruled.

All the Justices concur.