67 So.2d 14

**HOLMES v. HOUSTON et al.**

**7 Div. 210.**

Supreme Court of Alabama.

Aug. 6, 1953.

Merrill, Merrill, Vardaman & Matthews, Anniston, for appellant.

Emerson & Watson, Anniston, for appellees.

360

SIMPSON, Justice.

The question of import is whether a minor who has purchased an automobile with stolen money may rescind and recover the consideration paid.

 The trial court held to the affirmative of the question and defendant has appealed. There seems to be a paucity of decisions on the question—none from this jurisdiction—but the ones extant impress us as sound and sustain the ruling below. Ruehl v. Kardos, 204 App.Div. 499, 198 N.Y.S. 412; Riley v. Mallory, 33 Conn. 201.

In the Ruehl Case the infant sought a rescission of the purchase of some stock from stockbrokers. He was an employee of a bank and by means of a fictitious account in said bank and false and fraudulent checks and drafts feloniously withdrew from the bank the monies used in the stock transactions. The defense was that since the plaintiff had no title to the property and had obtained it feloniously, he would not be entitled to rescind. But the court held to the contrary and thus observed:

"Whether the plaintiff had title or not does not become important, however, because the defendant, while he remained in possession of the property or its proceeds, could not question the right of the plaintiff to a return of the same, however tortiously the latter may have acquired possession, without showing that he had assumed such a relation towards the true owner that he was no longer in a situation to deny that the true owner actually owned the property and was entitled to its possession. * * *" 198 N.Y.S. 413.

In the Riley Case the infant had purchased a gun with money either stolen or, as he claimed, found. The court held that it was immaterial how he might have come into possession of the money and that this inquiry was beside the point. As to this the court said:

"* * * Thus it was immaterial to the defendant whether the plaintiff found or stole the money he paid for the gun; and what he said about it was equally unimportant. The minor in either event was not responsible to the defendant, or the defendant to the owner. The minor was responsible over to the owner of the money and entitled to demand it for the purpose of restitution * * *" 33 Conn. 208.

 These holdings are consonant with the general principle that an infant is privileged to disaffirm all contracts whether fair or not and whether executed or executory unless the contracts come within the recognized exceptions, as contracts for necessities, contracts which he may be in equity compelled to perform, etc. The instant case, of course, does not come within any exception.

Nor is the case influenced by the principle of McCarty-Greene Motor Co. v. McCluney, 219 Ala. 211, 121 So. 713, where the down payment by the infant on the purchase of a new car was an old car furnished by the infant's father, the court holding that the father was *sui juris,* had turned the car over to his son or had obligated himself so to do for the special and sole purpose of being used in the purchase of the new car, and that that status was merely the equivalent of an advance or payment by the father on the purchase of the new car. The instant case is quite different. The infant's estate is indebted to the owner of the money unless and until

the infant shall have rescinded his contract and recovered it for restitution.

One secondary inquiry is posed. The owner of the money, Fundaburk, was joined as a party complainant with the minor, who sued by his mother as next friend, and it is argued this was a misjoinder of parties and that the court erred in overruling the defendant's demurrer to the bill of complaint taking the point. We regard this position as likewise untenable. After an infant has disaffirmed his contract, any one may take advantage of such disaffirmance. 43 C.J.S., Infants, § 75(4), page 179; Grissom v. Beidleman, 35 Okl. 343, 129 P. 853, 44 L.R.A.,N.S., 411, 418. And Fundaburk, having a material interest in the subject matter by being entitled to a restitution of his money, was a proper party to the litigation. Hawkins v. Snellings, 255 Ala. 659(4), '53 So.2d 552.

We find no error to reverse.

Affirmed.

LIVINGSTON, C. J., and LAWSON, STAKELY, GOODWYN and MERRILL, JJ., concur.