83 So.2d 230

**Dora CALDWELL**

v.

**Elizabeth JOHNSON.**

**6 Div. 857.**

Supreme Court of Alabama.

Nov. 3, 1955.

474

G. W. Nicholson and K. C. Edwards,. Birmingham, for appellee.

Morel Montgomery, Birmingham, for appellant.

SIMPSON, Justice.

This appeal comes to us from the Circuit Court, in Equity, of Jefferson County,. wherein that court on final submission de- creed the cancellation of a deed to the ex- tent of the homestead and dower interests. of the widow (appellee) of her deceased. husband because of antenuptial fraud in his. conveyance of the homestead, upon which they resided after marriage and until his. death. Said conveyance was made to his. daughter (appellant) by his former mar- riage and was made prior to his marriage. to appellee.

## Assignments 1 and 2

■ Appellant first contends that her demurrer to the bill of complaint should have been sustained on the ground that the bill was multifarious. We think the argument is laid in error. The suit property is the sole subject matter in litigation and each aspect of the bill centers around the determination of title and ownership thereof. Welch v. Whitman, 255 Ala. 328, 51 So.2d 353; Equity Rule 15, Code 1940, Tit. 7, Appendix.

■ The argument is also advanced that the bill is demurrable for failure to allege that the "grantee knew of or participated in the fraudulent scheme of her father," citing Dorrough v. Grove, 257 Ala. 609, 60 So.2d 342. It is our view, however, that the bill squares with the rule enunciated in that case. It alleges:

"f. That the respondent knew of the engagement of complainant and Walter Johnson at the time the deed was executed. That the respondent participated in procuring the deed from Walter Johnson, * * *"

* * * * * *

"h. That the said deed was executed by the said Walter Johnson at the suggestion of respondent, who obtained and received it with intent to defraud complainant of her rights in said land as wife, in fraud of complainant's homestead and dower rights."

It appears that these allegations suffice as to the asserted ground of demurrer.

## Assignments 3 and 4

■ It is next argued that the widow was not a competent witness to testify as to transactions and conversations with her deceased husband because of the "dead man's statute"—§ 433, Title 7, Code 1940—for the reason that the decedent's estate was "interested in the result of the suit". The contention is untenable. The conflict of interest was between the widow and the grantee's daughter. The determination of that conflict would not affect the estate. The estate of decedent, therefore, is not interested in the result of the suit. The widow claims her homestead and dower interests and seeks to have the deed cancelled only as to these interests,—much as a creditor would against property which has been fraudulently conveyed. The conveyance would be otherwise binding between grantor and grantee. Thus as to the estate the conveyance is also binding. 41 C.J.S., Husband and Wife, § 447, p. 966.

Since the estate could not be affected one way or the other, the statute cannot apply to make the widow's testimony illegal. A finding of fact based on her testimony is therefore supported by legal evidence.

## Assignments 5 and 7

These assignments challenge the sufficiency of the evidence to support the decree of cancellation.

■ There is much evidence tending to show that appellee and her husband, Walter Johnson, were living together openly prior to the execution of the deed, and there is some evidence of a contemplated marriage. There is also testimony of appellant and her husband that they did not know of a contemplated marriage between appellee and Walter Johnson at the time of the execution of the deed. But it is undisputed that appellant did aid in or procure the execution of the deed. The trial court resolved this issue of knowledge and resultant fraud in favor of the appellee. We are unwilling to disturb his finding after hearing the evidence in open court. We cannot say his decision was palpably wrong or contrary to the great weight of the evidence. Cook v. Taylor, 235 Ala. 63, 177 So. 344, and cases cited.

## Assignment 6

■ Appellant relies upon Anderson v. Lewter, 232 Ala. 375, 168 So. 171, 172, in her argument that there was error in the decree of cancellation which assigned the appellee a homestead and dower interest in the disputed property. In Anderson v. Lewter, supra, Mr. Justice Bouldin pointed out, with his usual learning and clarity, that the disputed lands there were not homestead

property. " * * * It fully appears that neither at the time of these deeds, nor at any later date, was any part of this land ever impressed with the character of a homestead of the husband." In the instant case, however, from aught appearing the appellee had no separate estate of any kind, and there was evidence going to show that she and her husband occupied the property as their homestead during coverture.

We find no error to reverse.

Affirmed.

LIVINGSTON, C. J., and GOODWYN and MAYFIELD, JJ., concur.

